IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEFFERY A. STALLWORTH**                                                                 **PLAINTIFF**

v.                                                                          **CAUSE NO. 3:16-CV-246-CWR-FKB**

**GOVERNOR PHIL BRYANT; STATE OF**                               **DEFENDANTS**
**MISSISSIPPI; MISSISSIPPI**
**LEGISLATURE; EAST METRO**
**PARKWAY; and MISSISSIPPI**
**DEPARTMENT OF TRANSPORTATION.**

**and**

**JACKSON MUNICIPAL AIRPORT**                                               **MOVANTS**
**AUTHORITY; MAYOR TONY T.**
**YARBER; MELVIN V. PRIESTER, JR.;**
**ASHBY FOOTE; KENNETH I. STOKES;**
**DE'KEITHER STAMPS; CHARLES**
**TILLMAN; TYRONE HENDRIX;**
**MARGARET BARRETT-SIMON; DR.**
**ROSIE L.T. PRIDGEN; REV. JAMES L.**
**HENLEY, JR.; LAWANDA D. HARRIS;**
**VERNON W. HARTLEY, SR.; and**
**EVELYN O. REED, all in their official**
**capacities, individual capacities, and on**
**behalf of others similarly situated.**

## ORDER

Before the Court is a motion to intervene filed by Jackson Municipal Airport Authority (JMAA); all of JMAA's board members; the Mayor of Jackson, Mississippi; and all of Jackson's City Councilmembers. The motion will be granted.

**I.      Factual and Procedural History**

On April 6, 2016, Jeffery A. Stallworth filed this suit to challenge Senate Bill 2162, a proposed law that at the time was working its way through the Mississippi Legislature.

SB 2162, which eventually passed both legislative chambers and was signed into law by Governor Phil Bryant, reflects a debate over who should control the Jackson-Medgar Wiley Evers International Airport. At present, JMAA board members are appointed by the Mayor of the City of Jackson. SB 2162 would dissolve JMAA and replace it with a board whose members are drawn from or appointed by State officials, City of Jackson officials, and officials from neighboring Madison and Rankin Counties. By eliminating the City of Jackson's exclusive authority to appoint members of the board, the bill in effect regionalizes the board.

Stallworth is a Jackson resident and a former JMAA board member. His suit claims that SB 2162 will, among other things, violate his rights under the Fifth and Fourteenth Amendments to the United States Constitution. Stallworth seeks monetary, declaratory, and injunctive relief.

The defendants were served with and answered Stallworth's complaint. Within a week of those filings – and with barely a week left before SB 2162 was to go into effect – the prospective Intervenors filed the present motion. They contend they have interests in challenging SB 2162 that are so unique, and allegedly inadequately represented by Stallworth, that they are entitled to mandatory or permissive intervention as plaintiffs. The prospective Intervenors have attached a proposed class action complaint asserting violations of the Supremacy Clause and the Fourteenth Amendment of the United States Constitution, as well as several provisions of the Mississippi Constitution. Their complaint would be brought against Governor Bryant in his official capacity, Lieutenant Governor Tate Reeves in his official capacity, Madison County, and Rankin County.

The flurry of motions accelerated. Within a day of the intervention request, Stallworth moved for a Preliminary Injunction and a hearing on that motion. The prospective Intervenors then moved for a Preliminary Injunction, an emergency hearing on that motion, and an emergency hearing on their request to intervene.

The Court convened a status conference and heard from all involved, including attorneys for Madison and Rankin Counties. A motion hearing was set, but proved unnecessary when the parties reached an agreement to maintain the status quo pending further proceedings.

The parties' agreement memorializes their "understand[ing], based upon the teleconference in this matter on Monday, June 27, 2016, that the Court will enter an order granting the Motion to Intervene [Dkt. 9], and the proposed intervenors will then be permitted to file and properly serve their Proposed Class Action Complaint [Dkt. 9-1]." Docket No. 36. The formal reasons for that intervention follow.

## II. Legal Standard

"Intervention is governed by Federal Rule of Civil Procedure 24. A nonparty seeking to intervene, and thereby obtain the rights and privileges of a party to the lawsuit, has available two avenues under the Rule." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

To intervene by right under Rule 24(a)(2),

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id.* (citations omitted). This analysis is a "flexible" and "practical" one, "focuse[d] on the particular facts and circumstances surrounding each application." *Id.* (citations omitted). "If a party seeking to intervene fails to meet any one of those requirements, it cannot intervene as a matter of right." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation omitted).

The other route, permissive intervention, is a two-step process. "First, the district court must decide whether the applicant's claim or defense and the main action have a question of law or fact in common. If this threshold requirement is met, then the district court must exercise its

discretion in deciding whether intervention should be allowed." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (quotation marks and citations omitted).

### III.   Discussion

In this case, the movants are entitled to intervene by right under Rule 24(a)(2).

First, their application is timely because it came within weeks of Stallworth's suit and a week of the defendants' answers. This length of time results in no prejudice to the defendants.

Second, the movants plainly have legal and property interests in the subject matter of this suit: their exclusive authority to appoint board members has been stripped in violation of their constitutional rights, they claim, and they own the airport's land, buildings, and other assets.

Third, a ruling on Stallworth's theories could potentially impair the movants' own claims.

Fourth, Stallworth may not adequately represent the movants' interests. His connection to SB 2162 is not only more attenuated than movants', but also, as a *pro se* litigant (albeit one who appears to have the assistance of an attorney who apparently does not wish to publicly represent the plaintiff), Stallworth cannot be expected to adequately represent a multi-million dollar operation and a city of 170,000 residents. *See Edwards*, 78 F.3d at 1005.

With intervention under Rule 24(a)(2) appropriate, the Court "need not reach the issue of permissive intervention." *Espy*, 18 F.3d at 1208; *see Edwards*, 78 F.3d at 1006.

### IV.   Conclusion

"Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Espy*, 18 F.3d at 1205 (quotation marks and citation omitted). Because this is such a case, the motion is granted. The Intervenors shall file their complaint within 10 days.

**SO ORDERED**, this the 19th day of July, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE