IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY A. STALLWORTH                                              PLAINTIFF

and

JACKSON MUNICIPAL AIRPORT                         INTERVENOR PLAINTIFFS
AUTHORITY, ET AL.

v.                                                            CAUSE NO. 3:16-CV-246-CWR-FKB

GOVERNOR PHIL BRYANT, ET AL.                                    DEFENDANTS

## ORDER

Before the Court is the defendants' motion for judgment on the pleadings as to plaintiff Jeffery A. Stallworth. The matter is fully briefed and ready for review.

**I.      Factual and Procedural History**

On April 6, 2016, Jeffery A. Stallworth filed this suit challenging Senate Bill 2162, a proposed law which at the time was working its way through the Mississippi Legislature.

SB 2162, which eventually passed both legislative chambers and was signed into law by Governor Phil Bryant, concluded a debate over who should control the Jackson-Medgar Wiley Evers International Airport. The airport is presently controlled by the Jackson Municipal Airport Authority (JMAA). JMAA's board members are appointed by City of Jackson leaders. SB 2162 would dissolve JMAA and replace it with a board whose members are drawn from or appointed by City of Jackson officials, State officials, and officials from neighboring Madison and Rankin Counties. The effect is to transfer control of the airport from citizens of the City of Jackson to a regional board.

Stallworth is a Jackson resident and a former JMAA board member. His suit claims that SB 2162 is "a hostile takeover" of City property that will, among other things, violate his rights

under the Fifth and Fourteenth Amendments to the United States Constitution. Stallworth seeks monetary, declaratory, and injunctive relief against Governor Bryant, the State of Mississippi, and the Mississippi Legislature.

Stallworth's complaint also included claims against the Mississippi Department of Transportation and an entity called East Metro Parkway. He alleged that these defendants were developing property nearer to white citizens than black citizens, which in turn was harming the value of his approximately 100 acres of investment property on the west side of Jackson. After conferring with the Magistrate Judge, Stallworth's claims against these defendants were severed. They remain pending in a separate lawsuit.

We return to the present case. The State defendants answered Stallworth's amended complaint and filed this motion shortly thereafter. They contend that Stallworth lacks standing, cannot overcome the State's Eleventh Amendment immunity, and cannot overcome the doctrine of legislative immunity.

As the parties briefed these issues, the Court issued an Order permitting JMAA and the City of Jackson to intervene in this suit as plaintiffs.

## II. Legal Standard

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c).

> The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks and citations omitted).

### III. Discussion

#### A. Substantive Law

"The doctrine of standing asks whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013) (quotation marks and citation omitted). "The Supreme Court has described standing as containing two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement; and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Id.* (quotation marks, citation, and brackets omitted).

"Article III standing requires a plaintiff to show: (1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *Id.* (quotation marks and citation omitted).

Prudential standing "requires that a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). In other words, if the legal right belongs to someone else who can file suit "without any adverse consequence to his alleged rights," the Court should wait for that other person to file suit. *Danos v. Jones*, 652 F.3d 577, 582 (5th Cir. 2011).

#### B. Analysis

Applying those principles here reveals that Stallworth lacks prudential standing. He argues that the State's "taking" of "his" property without compensation or adequate due process violates the Constitution. Docket No. 3, at 5. But the property in question does not belong to Stallworth. It belongs to JMAA and the City of Jackson. The doctrine of prudential standing

3

requires that they bring suit to protect their property, not him. That those entities have now intervened to protect their interests confirms that Stallworth lacks prudential standing.

To this, Stallworth responds that he has suffered an injury in fact, caused by the defendants, which would be redressed by a favorable judicial decision. But that is Article III standing, not prudential standing. He has not explained how he can sue over the airport's property when he does not own that property. His concern for that property is a generalized grievance shared by thousands of citizens of Jackson (and possibly others), but that alone is not enough for standing in federal court.

Stallworth then claims that his approximately 100 acres of investment property on the other side of town is sufficient to confer standing. In his complaint, though, this racially-unequal-allocation-of-resources theory was asserted against the Mississippi Department of Transportation and East Metro Parkway. Claims against those defendants were severed and are no longer pending in this suit.

Lastly, Stallworth's complaint asserts that SB 2162 has somehow weakened his voting power. But the specifics of that claim again turn on the transfer of airport property, of which he owns none. That will not suffice.[1]

What remains are Stallworth's state-law claims. In the Fifth Circuit, the "general rule" is that "courts should decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's,*

---

[1] Even if Stallworth had crossed the standing threshold, he would run into an impenetrable wall of immunities that surround the defendants from this action. *See Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003) ("the Eleventh Amendment bars suit against a state or state entity," irrespective of the relief sought); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983"); *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967) (holding that members of the legislature acting within the sphere of legitimate legislative duties are "protected not only from the consequences of litigation's results but also from the burden of defending themselves").

*London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). Pursuant to this authority the Court will decline supplemental jurisdiction over Stallworth's state-law causes of action.

### IV.     Conclusion

The motion is granted. Stallworth's federal claims are dismissed with prejudice, while his state-law claims are dismissed without prejudice under 28 U.S.C. § 1367(c). A separate Rule 54(b) Final Judgment shall issue.

**SO ORDERED**, this the 18th day of August, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE