## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

JEFFERY A. STALLWORTH                                              PLAINTIFF

VS.                               CIVIL ACTION NO. 3:16cv246-CWR-FKB

GOVERNOR DEWEY PHILLIP
"PHIL" BRYANT, ET AL.                                            DEFENDANTS

and

TONY T. YARBER, Mayor of the City of
Jackson, Mississippi, on behalf of the
Citizens of the City of Jackson, ET AL.                          PLAINTIFFS

VS.

PHIL BRYANT, in his Official Capacity as
Governor of the State of Mississippi, ET AL.                     DEFENDANTS

_____

### LT. GOVERNOR TATE REEVES' ANSWER
### AND DEFENSES TO CLASS ACTION COMPLAINT
_____

### ANSWER

Defendant Lt. Governor Tate Reeves (hereinafter "Lt. Governor Reeves" or "defendant") responds to the Plaintiffs' Class Action Complaint (hereinafter "complaint") [Dkt. 42], paragraph-by-paragraph, as follows:

### I.  INTRODUCTION

1.      Denied as stated.  Defendant admits only that the Mississippi Legislature's 2016 Regular Session Senate Bill 2162 (hereinafter "SB 2162"), a copy of which is affixed to the complaint as exhibit "A," was passed by the Legislature on April 14, 2016, signed into law on May 4, 2016, and speaks for itself.  Any and all remaining allegations in paragraph 1 and its footnote are denied.

2.      Denied as stated.  Defendant admits only that SB 2162 speaks for itself.
Any and all remaining allegations in paragraph 2 are denied.

3.      Denied as stated.  Defendant admits only that SB 2162 speaks for itself.
Any and all remaining allegations in paragraph 3 are denied.

4.      Denied as stated.  Defendant admits only that SB 2162 and the statutory
provisions referenced in paragraph 4 speak for themselves.  Any and all remaining
allegations in paragraph 4 are denied.

5.      Denied as stated.  Defendant admits only that SB 2162 and the statutory
provisions referenced in paragraph 5 speak for themselves.  Any and all remaining
allegations in paragraph 5 are denied.

6.      Denied as stated.  Defendant admits only that SB 2162 and the
constitutional, statutory, and regulatory law provisions referenced in paragraph 6 speak
for themselves.  Any and all remaining allegations in paragraph 6 and its footnote are
denied.

7.      Denied as stated.  Defendant admits only that SB 2162 and the
constitutional provisions referenced in paragraph 7 speak for themselves.  Any and all
remaining allegations in paragraph 7 and its footnote are denied.

8.      Denied as stated.  Defendant admits only that SB 2162 and the
constitutional provisions referenced in paragraph 8 speak for themselves.  Any and all
remaining allegations in paragraph 8 are denied.

9.      Denied.

## II.  PARTIES, JURISDICTION AND VENUE

### CITY OF JACKSON PLAINTIFFS

10.     Denied as stated.  Defendant admits only that plaintiff Tony T. Yarber is the duly elected Mayor of the City of Jackson, a resident of the City of Jackson, and the City of Jackson is a political subdivision of, and created by, the State of Mississippi.  Any and all remaining allegations in paragraph 10 are denied.

11.     Denied as stated.  Defendant admits only that plaintiffs Melvin I. Priester, Jr., Tyrone Hendrix, Ashby Foote, Kenneth I. Stokes, De'Keither Stamps, Charles H. Tillman, and Margaret Barrett-Simon are the duly elected Councilpersons from each of the seven wards of the City of Jackson, and the members of the Jackson City Council. Any and all remaining allegations in paragraph 11 are denied.

### JACKSON MUNICIPAL AIRPORT AUTHORITY PLAINTIFFS

12.     Denied as stated.  Defendant admits only the Jackson Municipal Airport Authority ("JMAA") is a public body and political subdivision created by, and under the authority of, the laws of the State of Mississippi, and which is authorized to operate the Jackson-Medgar Evers International Airport and Hawkins Field, and the statutory provisions referenced in paragraph 12 speak for themselves.  Any and all remaining allegations in paragraph 12 are denied.

13.     Denied as stated.  Defendant admits only the JMAA Board is comprised of five persons authorized to exercise the powers, duties, and responsibilities as provided by state and federal laws which speak for themselves.  Any and all remaining allegations in paragraph 13 are denied.  Any and all remaining allegations in paragraph 13 are denied.

14.     Denied as stated.  Defendant admits only that plaintiffs Dr. Rosie L. T. Pridgen, Reverend James L. Henley, Jr., LaWanda D. Harris, Vernon W. Hartley Sr., and Evelyn O. Reed are the Commissioners on the JMAA Board.  Any and all remaining allegations in paragraph 14 are denied.

## DEFENDANTS

15.     Denied as stated.  Defendant admits only that Phil Bryant is a Mississippi citizen, the duly elected Governor of the State of Mississippi sued solely in his official capacity, and may be served with process consistent with Fed. R. Civ. P. 4.  Any and all remaining allegations in paragraph 15 are denied.

16.     Denied as stated.  Defendant admits only that he is a Mississippi citizen, the duly elected Lt. Governor of the State of Mississippi sued solely in his official capacity, and may be served with process consistent with Fed. R. Civ. P. 4.  Any and all remaining allegations in paragraph 16 are denied.

17.     Denied as stated.  Defendant admits only that Madison County, Mississippi is a political subdivision of the State of Mississippi and may be served with process consistent with Fed. R. Civ. P. 4.  Any and all remaining allegations in paragraph 17 are denied.

18.     Denied as stated.  Defendant admits only that Rankin County, Mississippi is a political subdivision of the State of Mississippi and may be served with process consistent with Fed. R. Civ. P. 4.  Any and all remaining allegations in paragraph 18 are denied.

## JURISDICTION

19.     Denied as stated.  Defendant admits only the constitutional and statutory

provisions referenced in paragraph 19 speak for themselves, and specifically avers this Court lacks subject matter jurisdiction over some or all of the plaintiffs' claims.  Any and all remaining allegations in paragraph 19 are denied.

VENUE

20.     Denied as stated.  Defendant admits only the statutory provision referenced in paragraph 20 speaks for itself, Hinds County is the seat of government of the State of Mississippi and located in this District and Division, and Rankin and Madison Counties are located in this District and Division.  Any and all remaining allegations in paragraph 20 are denied.

CLASS ALLEGATIONS

21.     Denied as stated.  Defendant admits only that the rules referenced in paragraph 21 speak for themselves.  Any and all remaining allegations in paragraph 21 are denied.

22.     Denied as stated.  Defendant admits only that the 2010 Census data and the rule of civil procedure referenced in paragraph 22 speak for themselves.  Any and all remaining allegations in paragraph 22 and its footnote are denied.

23.     Denied as stated.  Defendant admits only that the rule of civil procedure referenced in paragraph 23 speaks for itself.  Any and all remaining allegations in paragraph 23 are denied.

24.     Denied as stated.  Defendant admits only that SB 2162 and the rule of civil procedure referenced in paragraph 24 speak for themselves.  Any and all remaining allegations in paragraph 24 are denied.

25.     Denied as stated.  Defendant admits only that the rule of civil procedure

referenced in paragraph 25 speaks for itself.  Any and all remaining allegations in paragraph 25 are denied.

26.     Denied as stated.  Defendant admits only that the rule of civil procedure referenced in paragraph 26 speaks for itself.  Any and all remaining allegations in paragraph 26 are denied.

27.     Denied as stated.  Defendant admits only that SB 2162 has been signed into law and speaks for itself, and the rule of civil procedure referenced in paragraph 27 speak for itself.  Any and all remaining allegations in paragraph 27 are denied.

28.     Denied as stated.  Defendant admits only that the rule of civil procedure referenced in paragraph 28 speaks for itself.  Any and all remaining allegations in paragraph 28 are denied.

## BACKGROUND

A.  The Airport Authorities Law, Mississippi Code §§ 61-3-1 through 61-3-85

29.     Denied as stated.  Defendant admits only that the statutory provisions referenced in paragraph 29 speak for themselves.  Any and all remaining allegations in paragraph 29 are denied.

30.     Denied as stated.  Defendant admits only that the statutory provision referenced in paragraph 30 speaks for itself.  Any and all remaining allegations in paragraph 30 are denied.

31.     Denied as stated.  Defendant admits only that the statutory provision referenced in paragraph 31 speaks for itself.  Any and all remaining allegations in paragraph 31 and its footnote are denied.

B.  The City of Jackson and Jackson-Medgar Evers International

32.     Denied as stated.  Defendant admits only that the Resolution referenced in paragraph 32 and exhibit "B" affixed to the complaint speaks for itself.  Any and all remaining allegations in paragraph 32 and its footnote are denied.

33.     Denied as stated.  Defendant admits only that the Resolution referenced in paragraph 33 speaks for itself.  Any and all remaining allegations in paragraph 33 are denied.

34.     Denied as stated.  Defendant admits only that the Ordinance referenced in paragraph 34 and exhibit "C" affixed to the complaint speaks for itself.  Any and all remaining allegations in paragraph 34 and its footnote are denied.

35.     Admitted, upon information and belief.

36.     Denied as stated.  Defendant admits only that the documents referenced in paragraph 36 speak for themselves.  Any and all remaining allegations in paragraph 36 are denied.

37.     Denied as stated.  Defendant admits only that SB 2162 speaks for itself.  Any and all remaining allegations in paragraph 37 are denied.

38.     Denied.

C.  The Jackson Municipal Airport Authority

39.     Denied as stated.  Defendant admits only that the laws referenced in paragraph 39 speak for themselves.  Any and all remaining allegations in paragraph 39 are denied.

40.     Denied as stated.  Defendant admits only that the Airport Operating Certificate, other documents and regulations referenced in paragraph 40, and exhibit "D" affixed to the complaint speak for themselves.  Any and all remaining allegations

contained in paragraph 40 and its footnote are denied.

41.     Denied as stated.  Defendant admits only that the Resolution referenced in paragraph 41 and exhibit "E" affixed to the complaint speak for themselves.  Any and all remaining allegations in paragraph 41 and its footnote are denied.

42.     Denied as stated.  Defendant admits only that the Federal Award Grants referenced in paragraph 42 and exhibit "F" affixed to the complaint speak for themselves.  Any and all remaining allegations in paragraph 42 and its footnote are denied.

D.  The Lands Surrounding Jackson-Medgar Evers International

43.     Denied as stated.  Defendant admits only that the documents referenced in paragraph 43 speak for themselves.  Any and all remaining allegations in paragraph 43 and its footnote are denied.

44.     Denied as stated.  Defendant admits only that the documents establishing the East Metro Corridor Commission referenced in paragraph 44 speak for themselves.  Any and all remaining allegations in paragraph 44 are denied.

45.     Denied as stated.  Defendant admits only that the documents referenced in paragraph 45 evidencing the East Corridor Project two-phased plan speak for themselves.  Any and all remaining allegations in paragraph 45 are denied.

E.  The Current JMAA Board's Leadership and Success

46.     Denied as stated.  Defendant admits only that the JMAA Board consists of five members, and the statutory provision and ordinance referenced in paragraph 46 speak for themselves.  Any and all remaining allegations in paragraph 46 are denied.

47.     Denied as stated.  Defendant admits only that the powers, duties, and

-8-

responsibilities of the JMAA Board are established by Mississippi laws which speak for themselves.  Any and all remaining allegations in paragraph 47 are denied.

48.    Admitted, upon information and belief.

49.    Admitted, upon information and belief.

50.    Admitted, upon information and belief.

51.    Admitted, upon information and belief.

52.    Denied as stated.  Defendant admits only that Carl Newman is the JMAA CEO, Dirk Venderleest was Newman's predecessor as JMAA CEO, and the recording referenced in paragraph 52 speaks for itself.  Any and all remaining allegations in paragraph 52 and its footnotes are denied.

53.    Denied as stated.  Defendant admits only that the Strategic Plan 2021 referenced in paragraph 53 speaks for itself.  Any and all remaining allegations in paragraph 53 are denied.

54.    Denied as stated.  Defendant admits only that the document referenced in paragraph 54 speaks for itself.  Any and all remaining allegations in paragraph 54 and its footnote are denied.

55.    Denied as stated.  Defendant admits only that the regulations and documents referenced in paragraph 55 speak for themselves.  Any and all remaining allegations in paragraph 55 and its footnote are denied.

56.    Denied as stated.  Defendant admits only that the document referenced in paragraph 56 speaks for itself.  Any and all remaining allegations in paragraph 56 and its footnote are denied.

57.    Denied as stated.  Defendant admits only that the documents and internet

materials referenced in paragraph 57 speak for themselves.  Any and all remaining allegations in paragraph 57 and its footnotes are denied.

58.    Denied as stated.  Defendant admit only that the JMAA financial statements speak for themselves.  Any and all remaining allegations contained in paragraph 58 are denied.

59.    Denied as stated.  Defendant admits only that the JMAA financial statements speak for themselves.  Any and all remaining allegations in paragraph 59 are denied.

F.  Senate Bill 2162[1]

60.    Denied as stated.  Defendant admits only that SB 2162 and any prior versions of the bill speak for themselves.  Any and all remaining allegations in paragraph 60 and its footnote are denied.

61.    Denied as stated.  Defendant admits only that SB 2162 and any prior versions of the bill speak for themselves.  Any and all remaining allegations in paragraph 61 and its footnote are denied.

62.    Denied as stated.  Defendant admits only that SB 2162 and any prior versions of the bill speak for themselves.  Any and all remaining allegations in paragraph 62 and its footnote are denied.

63.    Denied as stated.  Defendant admits only that the legislative records referenced in paragraph 63 speak for themselves.  Any and all remaining allegations in paragraph 63 and its footnotes are denied.

---

[1]  The allegations contained in footnote 22 of the complaint are denied as stated. Defendant admits only that 2016 Regular Session House Bill 721 referenced in footnote 22 speaks for itself.  Any and all remaining allegations in footnote 22 are denied.

64.     Denied as stated.  Defendant admits only that the legislative records referenced in paragraph 64 speak for themselves.  Any and all remaining allegations in paragraph 64 and its footnote are denied.

65.     Denied as stated.  Defendant admits only that the legislative records and other documents referenced in paragraph 65 speak for themselves.  Any and all remaining allegations in paragraph 65 and its footnotes are denied.

66.     Denied as stated.  Defendant admits only that the legislative records referenced in paragraph 66 speak for themselves.  Any and all remaining allegations in paragraph 66 and its footnotes are denied.

67.     Denied as stated.  Defendant admits only that SB 2162, legislative records, and other documents referenced in paragraph 67 speak for themselves.  Any and all remaining allegations in paragraph 67 and its footnotes are denied.

CAUSES OF ACTION

A.  CLAIMS OF THE CITY OF JACKSON PLAINTIFFS

COUNT I - The allegations in the heading for "Count I" are denied.

68.     Defendant incorporates his responses to the previous paragraphs by reference.

69.     Denied as stated.  Defendant admits only that the constitutional provision referenced in paragraph 69 speaks for itself.  Any and all remaining allegations in paragraph 69 are denied.

70.     Denied as stated.  Defendant admits only that the statutory provisions and regulations referenced in paragraph 70 speak for themselves.  Any and all remaining allegations in paragraph 70 are denied.

71.     Denied as stated.  Defendant admits only that the regulation referenced in paragraph 71 speaks for itself.  Any and all remaining allegations in paragraph 71 are denied.

72.     Denied as stated.  Defendant admits only that the Airport Operating Certificate referenced in paragraph 72 speaks for itself.  Any and all remaining allegations in paragraph 72 are denied.

73.     Denied as stated.  Defendant admits only that the statutory provisions referenced in paragraph 73 speak for themselves.  Any and all remaining allegations in paragraph 73 are denied.

74.     Denied as stated.  Defendant admits only that the statutory provisions referenced in paragraph 74 speak for themselves.  Any and all remaining allegations in paragraph 74 are denied.

75.     Denied as stated.  Defendant admits only that the documents referenced in paragraph 75 speak for themselves.  Any and all remaining allegations in paragraph 75 are denied.

76.     Denied as stated.  Defendant admits only that the documents referenced in paragraph 76 speak for themselves.  Any and all remaining allegations in paragraph 76 are denied.

77.     Denied as stated.  Defendant admits only that the federal laws referenced in paragraph 77 speak for themselves.  Any and all remaining allegations in paragraph 77 are denied.

78.     Denied as stated.  Defendant admits only that the statutory provisions, regulations, and other documents referenced in paragraph 78 speak for themselves.  Any

and all remaining allegations in paragraph 78 are denied.

79.     Denied as stated.  Defendant admits only that SB 2162 and the laws referenced in paragraph 79 speak for themselves.  Any and all remaining allegations in paragraph 79 are denied.

80.     Denied as stated.  Defendant admits only that SB 2162 speaks for itself.  Any and all remaining allegations in paragraph 80 are denied.

81.     Denied as stated.  Defendant admits only that SB 2162 and the constitutional provisions referenced in paragraph 81 speak for themselves.  Any and all remaining allegations in paragraph 81 are denied.

82.     Denied as stated.  Defendant admits only that SB 2162 speaks for itself.  Any and all remaining allegations in paragraph 82 are denied.

COUNT II - The allegations included in the heading for "Count II" are denied.

83.     Defendant incorporates his responses to the previous paragraphs by reference.

84.     Denied as stated.  Defendant admits only that the constitutional provisions referenced in paragraph 84 speak for themselves.  Any and all remaining allegations in paragraph 84 are denied.

85.     Denied.

COUNT III - the allegations in the heading for "Count III" are denied.

86.     Defendant incorporates his responses to the previous paragraphs by reference.

87.     Denied as stated.  Defendant admits only that the statutory provision referenced in paragraph 87 speaks for itself.  Any and all remaining allegations in

paragraph 87 are denied.

88.    Denied as stated.  Defendant admits only that the statutory provision referenced in paragraph 88 speaks for itself.  Any and all remaining allegations in paragraph 88 are denied.

89.    Denied.

90.    Denied.

COUNT IV - the allegations in the heading for "Count IV" are denied.

91.    Defendant incorporates his responses to the previous paragraphs by reference.

92.    Denied as stated.  Defendant admits only that the Airport Operating Certificate and other documents referenced in paragraph 92 speak for themselves.  Any and all remaining allegations in paragraph 92 are denied.

93.    Denied as stated.  Defendant admits only that the regulation and other documents referenced in paragraph 93 speak for themselves.  Any and all remaining allegations in paragraph 93 are denied.

94.    Denied as stated.  Defendant admits only that the regulation referenced in paragraph 94 speaks for itself.  Any and all remaining allegations in paragraph 94 are denied.

95.    Denied as stated.  Defendant admits only that the regulation referenced in paragraph 95 speaks for itself.  Any and all remaining allegations in paragraph 95 are denied.

96.    Denied as stated.  Defendant admits only that the regulation referenced in paragraph 96 speaks for itself.  Any and all remaining allegations in paragraph 96 are

denied.

97.     Denied as stated.  Defendant admits only that the documents referenced in paragraph 97 speak for themselves.  Any and all remaining allegations in paragraph 97 are denied.

98.     Denied as stated.  Defendant admits only that SB 2162 speaks for itself. Any and all remaining allegations in paragraph 98 are denied.

99.     Denied as stated.  Defendant admits only that SB 2162 and the documents referenced in paragraph 99 speak for themselves.  Any and all remaining allegations in paragraph 99 are denied.

B.  CLAIMS OF THE JMAA PLAINTIFFS AND THE CITY OF JACKSON

COUNT V - the allegations in the heading for "Count V" are denied.

100.    Defendant incorporates his responses to the previous paragraphs by reference.

101.    Denied as stated.  Defendant admits only that the constitutional provision referenced in paragraph 101 speaks for itself.  Any and all remaining allegations in paragraph 101 are denied.

102.    Denied as stated.  Defendant admits only that SB 2162 speaks for itself. Any and all remaining allegations in paragraph 102 are denied.

103.    Denied as stated.  Defendant admits only that the statutory provision referenced in paragraph 103 speaks for itself.  Any and all remaining allegations in paragraph 103 are denied.

104.    Denied.

105.    Denied.

COUNT VI - the allegations in the heading for "Count VI" are denied.

106.    Defendant incorporates his responses to the previous paragraphs by reference.

107.    Denied as stated.  Defendant admits only that the federal law referenced in paragraph 107 speaks for itself.  Any and all remaining allegations in paragraph 107 are denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

C.  INDIVIDUAL PLAINTIFFS' CLAIMS

COUNT VII - the allegations in the heading for "Count VII" are denied.

114.    Defendant incorporates his responses to the previous paragraphs by reference.

115.    Denied.

116.    Denied as stated.  Defendant admits only that the constitutional provisions referenced in paragraph 116 speak for themselves.  Any and all remaining allegations in paragraph 116 and its footnote are denied.

117.    Denied as stated.  Defendant admits only that the state and federal laws referenced in paragraph 117 speak for themselves.  Any and all remaining allegations in paragraph 117 are denied.

118.    Denied as stated.  Defendant admits only that SB 2162, and the 2010 Census data and other documents referenced in paragraph 118 speak for themselves. Any and all remaining allegations in paragraph 118 and its footnotes are denied.

119.    Denied as stated.  Defendant admits only that SB 2162, and the 2010 Census data referenced in paragraph 119 speak for themselves.  Any and all remaining allegations in paragraph 119 and its footnote are denied.

120.    Denied as stated.  Defendant admits only that SB 2162, and the 2010 Census data referenced in paragraph 120 speak for themselves.  Any and all remaining allegations in paragraph 120 and its footnote are denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied as stated.  Defendant admits only, upon information and belief, that in 2013, Mayor Chokwe Lumumba and the Jackson City Council approved members for vacant positions on the JMAA Board.  Any and all remaining allegations in paragraph 124 are denied.

125.    Denied as stated.  Defendant admits only that the statutory provisions and ordinance referenced in paragraph 125 speak for themselves, and plaintiffs Pridgen, Henley, Harris, Hartley, and Reed are the current members of the JMAA Board.  Any and all remaining allegations in paragraph 125 are denied.

126.    Denied as stated.  Defendant admits only that plaintiffs Pridgen, Henley, Harris, Hartley, and Reed are the current members of the JMAA Board.  Any and all remaining allegations in paragraph 126 are denied.

127.    Denied.

128.    Denied as stated.  Defendant admits only that the statutory provision referenced in paragraph 128 speaks for itself.  Any and all remaining allegations in paragraph 128 are denied.

129.    Denied.

130.    Denied as stated.  Defendant admits only that SB 2162, and the statutory provisions referenced in paragraph 130 speak for themselves.  Any and all remaining allegations in paragraph 130 are denied.

131.    Denied as stated.  Defendant admits only that the Mayor and City Council of Jackson are elected in a manner prescribed by Mississippi law.  Any and all remaining allegations in paragraph 131 are denied.

132.    Denied as stated.  Defendant admits only that SB 2162, and the statutory provisions referenced in paragraph 132 speak for themselves.  Any and all remaining allegations in paragraph 132 are denied.

133.    Denied as stated.  Defendant admits only that SB 2162 speaks for itself. Any and all remaining allegations in paragraph 133 are denied.

134.    Denied as stated.  Defendant admits only that the statutory provisions and Census data referenced in paragraph 134 speak for themselves, and plaintiffs Pridgen, Henley, Harris, Hartley, and Reed are the current members of the JMAA Board.  Any and all remaining allegations in paragraph 134 are denied.

135.    Denied.

136.    Denied.

137.    Denied as stated.  Defendant admits only that plaintiffs Pridgen, Henley,

Harris, Hartley, and Reed are the current members of the JMAA Board.  Any and all remaining allegations in paragraph 137 are denied.

138.    Denied.

139.    Denied.

COUNT VIII - the allegations in the heading for "Count VIII" are denied.

140.    Defendant incorporates his responses to the previous paragraphs by reference.

141.    Denied.

142.    Denied as stated.  Defendant admits only the constitutional provision referenced in paragraph 142 speaks for itself.  Any and all remaining allegations in paragraph 142 are denied.

143.    Denied as stated.  Defendant admits only that the statutory provisions and land records referenced in paragraph 143 speak for themselves.  Any and all remaining allegations in paragraph 143 are denied.

144.    Denied as stated.  Defendant admits only that the documents referenced in paragraph 144 speak for themselves.  Any and all remaining allegations in paragraph 144 are denied.

145.    Denied as stated.  Defendant admits only that the statutory provisions referenced in paragraph 145 speak for themselves.  Any and all remaining allegations in paragraph 145 are denied.

146.    Denied as stated.  Defendant admits only that the documents referenced in paragraph 146 speak for themselves.  Any and all remaining allegations in paragraph 146 are denied.

147.    Denied as stated.  Defendant admits only that the land records referenced in paragraph 147 speak for themselves.  Any and all remaining allegations in paragraph 147 are denied.

148.    Denied as stated.  Defendant admits only that the land records referenced in paragraph 148 speak for themselves.  Any and all remaining allegations in paragraph 148 are denied.

## IV.  PRAYER FOR RELIEF

Defendant denies the allegations contained in the unnumbered paragraph on pages 49-51 of the complaint, including all subparts, and specifically avers that the plaintiffs are not entitled to any relief whatsoever.

Any and all allegations, legal conclusions, and other averments in the complaint that have not been specifically admitted by the Defendant are specifically denied.

### FIRST DEFENSE

The complaint should be dismissed for lack of subject matter jurisdiction.

### SECOND DEFENSE

The complaint should be dismissed for failure to state a claim.

### THIRD DEFENSE

Defendant affirmatively asserts his immunity pursuant to the Eleventh Amendment to the United States Constitution which bars plaintiffs' claims.

### FOURTH DEFENSE

Defendant affirmatively asserts all common law and/or statutory immunities to which he may be entitled, including, but not limited to, absolute immunity, executive privilege, and legislative immunity.

## FIFTH DEFENSE

Defendant affirmatively asserts that some or all of plaintiffs' claims are barred by sovereign immunity, and/or any and all immunities, limitations, conditions precedent, and any other requirements imposed by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq*., or otherwise under state and/or federal law.

## SIXTH DEFENSE

Defendant affirmatively asserts all defenses to which he is, or may become entitled to through discovery in this action, under 42 U.S.C. §§ 1981, 1983, 1985, 1988, and/or any other applicable provisions of federal or state law.

## SEVENTH DEFENSE

Some or all of plaintiffs' claims are barred by the defendant's immunity under the qualified immunity doctrine as plaintiffs have not been deprived of any constitutional or federal statutory right, much less any alleged right which was clearly established at the time of any defendants' alleged violation of law.  Defendant acted in good faith within his official capacity, and course and scope of employment, and in an objectively reasonable manner in light of then clearly established law, at all times relevant to plaintiffs' allegations.

## EIGHTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

## NINTH DEFENSE

Some or all of plaintiffs' claims are barred by estoppel and/or waiver.

**TENTH DEFENSE**

Some or all of plaintiffs' claims are barred by the doctrine of laches and/or the applicable statutes of limitations or repose.

**ELEVENTH DEFENSE**

Some or all of plaintiffs' claims are barred due to their lack of standing, the mootness doctrine, as unripe for judicial review, due to plaintiffs' lack of prudential standing, as insufficient to warrant an award of injunctive or declaratory relief, and/or for lack of a private right of action.

**TWELFTH DEFENSE**

Plaintiffs' complaint fails to state any justiciable claims for declaratory relief sufficient to invoke 28 U.S.C. § 2201.

**THIRTEENTH DEFENSE**

To the extent plaintiffs seek equitable relief, such claims are barred due to plaintiffs' ability to attempt to pursue an adequate available remedy at law.

**FOURTEENTH DEFENSE**

Some or all of plaintiffs' claims are barred for failure to properly exhaust their administrative or other remedies.

**FIFTEENTH DEFENSE**

Some or all of plaintiffs' claims are barred by the *Parratt-Hudson* and/or *Rooker-Feldman* doctrines.

**SIXTEENTH DEFENSE**

Defendant affirmatively asserts all defenses to which he is, or may become entitled to through further discovery, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, defendant Lt. Governor Tate Reeves respectfully requests that his Answer and Defenses be received and that, upon completion of the appropriate proceedings in this matter, plaintiffs' complaint be dismissed, and that the Court award defendant costs as well as any attorney fees and expenses to which may prove to be appropriate under the federal rules, 28 U.S.C. § 1927, 28 U.S.C. § 1988, or any other applicable rule or statute.

THIS the 14th day of November, 2016.

Respectfully submitted,

LT. GOVERNOR TATE REEVES

By:     JIM HOOD, ATTORNEY GENERAL

By:     S/Justin L. Matheny
        Justin L. Matheny (Bar No. 100754)
        Krissy C. Nobile (Bar No. 103577)
        Office of the Attorney General
        P.O. Box 220
        Jackson, MS 39205
        Telephone: (601) 359-3680
        Facsimile: (601) 359-2003
        *jmath@ago.state.ms.us*
        *knobi@ago.state.ms.us*

        AND

        Phil B. Abernethy (Bar No. 1023)
        Charles E. Griffin (Bar No. 5015)
        P. Ryan Beckett (Bar No. 88524)
        Butler, Snow, O'mara, Stevens & Cannada, PLLC
        1020 Highland Colony Pkwy, Suite 1400 (39157)
        Post Office Box 6010
        Ridgeland, MS 39158-6010
        Telephone: (601) 985-4557
        Facsimile: (601) 985-4500
        *ryan.beckett@butlersnow.com*

        *Counsel for Lt. Governor Tate Reeves*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date, and also served on the following persons via US Mail, properly addressed and postage prepaid:

James L. Henley
P.O. Box 31464
Jackson, MS 39286-1464

Kimberly C. Banks
P.O. Box 2779
Jackson, MS 39207-2779

THIS the 14th day of November, 2016.

<u>S/Justin L. Matheny</u>
Justin L. Matheny