IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JACKSON MUNICIPAL AIRPORT**                                            **PLAINTIFFS**
**AUTHORITY, ET AL.**

**V.**                                       **CAUSE NO. 3:16-CV-246-CWR-FKB**

**GOVERNOR PHIL BRYANT, ET AL.**                                 **DEFENDANTS**

**ORDER**

Before the Court is Lieutenant Governor Tate Reeves' motion to dismiss for lack of subject matter jurisdiction. The background of this case was recited in an earlier Order and need not be repeated. *See Stallworth v. Bryant*, No. 3:16-CV-246-CWR-FKB, 2016 WL 4410162, at *1 (S.D. Miss. Aug. 18, 2016). The familiar dismissal standard applies.[1]

The Lieutenant Governor argues that he should be dismissed because the plaintiffs have not yet suffered an injury at his hands. While S.B. 2162 gives him the power to appoint a board member to the newly-planned "Jackson Metropolitan Area Airport Authority," the Lieutenant Governor observes that he "has *twice* agreed not to take any action in connection with that appointment during the pendency of this lawsuit." Docket No. 78, at 2.

The argument is unpersuasive. It is settled law that "[f]uture injuries can provide the basis for standing." *Barber v. Bryant*, --- F.3d ---, 2017 WL 2702075, at *6 (5th Cir. June 22, 2017) (citation omitted). Under S.B. 2162, the Lieutenant Governor has the power to injure the plaintiffs in their legal and property rights by appointing someone to a replacement airport board. If he had no ability to inflict this injury, there would be no need for his agreement not to wield

---

[1] Because the motion was filed after the Lieutenant Governor answered, it will be construed as one for judgment on the pleadings. The same legal standard applies. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

his appointment power during this lawsuit. The agreement itself confirms the nature of the injury at the heart of this litigation.[2]

The Lieutenant Governor's next argument is more complicated. It goes like this: even if he did wield his appointment power, his appointment would have no legal effect because "the FAA will not recognize any change in sponsorship of the Jackson Medgar Wiley-Evers International Airport while this litigation is pending." Docket No. 78, at 3. The result, he says, is that the plaintiffs cannot possibly be injured by his actions.

This is a puzzling assertion. If everyone with a S.B. 2162-authorized appointment power raised this argument—saying that this lawsuit cannot proceed against them because the new board's power is ultimately contingent upon FAA approval—there would be no defendant left in this lawsuit. The FAA would have no litigation to defer to. And with no decision on the constitutionality of S.B. 2162, the FAA would not approve a transfer of the airport's ownership. That cannot be the result the movants intend.

To this, the Lieutenant Governor suggests that the plaintiffs should proceed solely against the Governor in his capacity as chief executive officer of the state. But this is problematic too. The Governor cannot be sued in federal court solely because he is the chief executive officer of Mississippi. *See Barber v. Bryant*, 193 F. Supp. 3d 677 (S.D. Miss. 2016); *Campaign for S. Equal. v. Miss. Dep't of Human Servs.*, 175 F. Supp. 3d 691, 701 (S.D. Miss. 2016). Rather, as the State's attorneys have repeatedly emphasized, binding law holds that "the . . . state official must have some enforcement connection with the challenged statute" before he or she may be sued in federal court. *Okpalobi v. Foster*, 244 F.3d 405, 415 (5th Cir. 2001) (en banc).

---

[2] The Lieutenant Governor's motion also implies that his agreement renders the case moot. But "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quotation marks and citation omitted). "If it did, the courts would be compelled to leave the defendant free to return to his old ways." *Id.* (quotation marks, citations, and brackets omitted).

That precedent gives us some clarity. The Lieutenant Governor plainly has a role in carrying out S.B. 2162; the bill gives him the power to appoint a board member to the new airport authority. Under *Okpalobi* and its progeny, he is a proper defendant in this suit.

Lastly, the Lieutenant Governor's rebuttal analogizes this case to *Alford v. Moulder*, No. 3:16-CV-350-CWR-LRA, 2016 WL 3449911, at *2 (S.D. Miss. June 20, 2016). *Alford* was—and still is, as it remains pending—a civil rights dispute in which this Court declined to issue a preliminary injunction because the plaintiffs' alleged injuries were not imminent. The Lieutenant Governor's emphasis is misplaced, however, because in *Alford* the Court actually credited the plaintiffs' standing arguments. *See Alford v. Moulder*, No. 3:16-CV-350-CWR-LRA, Docket No. 23, at 1 (S.D. Miss. June 22, 2016) (denying motion for reconsideration) (noting the "significant practical difference between the 'actual or imminent' injury needed for standing and the 'imminent' injury needed to receive a preliminary injunction. The first asks whether the plaintiffs will suffer harm. The second asks whether there is a substantial threat the plaintiffs will suffer that harm *immediately*."). If *Alford* is indeed "the case most directly on point," as the Lieutenant Governor's rebuttal asserts, then the constitutional requirements of standing are satisfied.

The motion is denied.

**SO ORDERED**, this the 6th day of July, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE