IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **JEFFERY A. STALLWORTH** | **PLAINTIFF** |
| VS. | CIVIL NO.: 3:16-cv-246-CWR-FKB |
| **GOVERNOR DEWEY PHILLIP "PHIL" BRYANT, ET AL.** | **DEFENDANTS** |
| and | |
| **TONY T. YARBER, Mayor of the City of Jackson, Mississippi, on behalf of the Citizens of the City of Jackson, et al.** | **PLAINTIFFS** |
| VS. | CIVIL NO.: 3:16-CV-246-CWR-FKB |
| **PHIL BRYANT, in his official capacity as governor of the State of Mississippi, et al.** | **DEFENDANTS** |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEPOSITION AND DOCUMENT PRODUCTION**

With respect to Defendant Governor Phil Bryant, the JMAA Plaintiffs[1] have sought production of documents and a deposition, but because these efforts met without success, a telephonic discovery conference was conducted by the Court on June 27, 2017. During that conference and among other issues, the Court heard from counsel for the JMAA and counsel for Governor Bryant and directed those parties to meet and confer in an effort to resolve either or both of the disputes between the parties. As has been the case with each of the JMAA Plaintiffs' efforts to informally resolve disputes with various Defendants, this meet and confer process did not lead to a resolution, as confirmed by communications between counsel for the JMAA and Governor Bryant on July 6, 2017. Although the Court has permitted the JMAA Plaintiffs until

---

[1] Plaintiffs, the Jackson Municipal Airport Authority ("the JMAA"), the Board of Commissioners of the Jackson Municipal Airport Authority, and each of the Board members in their official and individual capacities shall be referred to collectively as "the JMAA Plaintiffs." The Board members of the JMAA are Dr. Rosie L.T. Pridgen, Rev. James L. Henley, Jr., LaWanda D. Harris, Mr. Vernon W. Hartley, Sr., and Evelyn O. Reed.

July 17, 2017, to seek an Order compelling this discovery from Governor Bryant,[2] it is clear that such a request is necessary given the inflexible approach taken by the Governor. Thus, the JMAA Plaintiffs respectfully request an Order compelling Governor Bryant's office to submit to a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and to produce, subject to protections similar to those set forth in Rule 502(d) of the Federal Rules of Evidence, redacted versions of 16 documents currently being withheld on a claim of legislative privilege.

## I. RELEVANT BACKGROUND[3]

During the June 27, 2017, telephonic conference held by the Court, the parties and the Court discussed, among other issues, both the JMAA's request to depose Governor Bryant and to have 16 documents currently being withheld by Governor Bryant reviewed in camera by the Court. With respect to the request to depose Governor Bryant, the Court indicated it was of the view that taking the corporate deposition of Governor Bryant's office was preferable to seeking an individual deposition of either the Governor or a lower-ranking member of his staff. The Court further indicated that, rather than conducting an in camera review, the parties should consider whether the Governor could produce the 16 documents subject to an agreement, informed by the protections set out in Rule 502(d) of the Federal Rules of Evidence, that any such production would not constitute a waiver of the claimed legislative privilege.

After the June 27, 2017, telephonic conference, counsel for the JMAA and Governor Bryant met in person to discuss a potential resolution of these two issues. That discussion culminated with JMAA's counsel requesting that the Governor forward a written proposal addressing the two issues, which the Governor did later that day.[4]  Pursuant to that proposal, the

---

[2] *See* June 30, 2017, Text Only Order.

[3] For general background information, the JMAA Plaintiffs incorporate by reference the discussion set forth in pages one through eight of the JMAA Plaintiffs' [211] Brief in Support of Motion to Extend Discovery and Dispositive Motions Deadlines.

[4] *See* June 28, 2017, Letter from J. Matheny to N. Morisani, attached as Exhibit "A".

Governor offered to agree to an out of time corporate deposition subject to two primary conditions: (1) the JMAA Plaintiffs agree not to seek an extension of the discovery deadline and (2) the JMAA Plaintiffs simply give up on seeking production—in any form—of the 16 documents being withheld by Governor Bryant.[5]

The JMAA Plaintiffs, however, consistently maintained both during the in person meeting and through subsequent correspondence that they could not agree to not to seek an extension of the discovery deadline in this case due to discovery disputes involving both parties and nonparties, which disputes simply cannot be resolved by a deposition of the Governor's office pursuant to Rule 30(b)(6).[6] Moreover, the JMAA Plaintiffs could not agree to ignore the 16 documents being withheld by the Governor, particularly in light of how easily the Governor's concerns could be addressed through a protective order with protections similar to those set out in Rule 502(d) of the Federal Rules of Evidence.[7] The Governor's rejection of even a reasonable compromise offered by the JMAA Plaintiffs as to the 16 documents only demonstrates the resistance with which the JMAA Plaintiffs' good faith efforts have been met.[8] Consequently, the JMAA Plaintiffs are left with no recourse but to seek the Court's assistance with respect to both a deposition of the Governor's office and the Governor's production of the 16 documents.

## II. LEGAL ARGUMENT

A.    Legal Standard

"[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

---

[5] *See* Ex. A. In that correspondence, the Governor also proposed a procedure for addressing legislative privilege, which procedure counsel had discussed during the in person meeting. *See* Ex. A, ¶ 2. As expressed during the in person meeting on June 28, 2017, the JMAA Plaintiffs take no issue with such a procedure as a means of facilitating the deposition while protecting the Governor's claim to legislative privilege.

[6] *See* June 30, 2017, Email from N. Morisani to J. Matheny, attached as part of Composite Exhibit "B".

[7] *See id.*

[8] *See* July 6, 2017, Email from J. Matheny to N. Morisani, attached as part of Composite Exhibit "B".

3

needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance is typically interpreted broadly to allow liberal discovery." *United States v. McKesson Corp.*, No. 2:08cv214-SA-DAS, 2011 WL 2708494, at *1 (N.D. Miss. July 11, 2011). Looking more specifically to deposition discovery, "[t]he Fifth Circuit has, in light of this discovery standard, noted that 'it is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.'" *United States v. McKesson Corp.*, No. 2:08cv214-SA-DAS, 2011 WL 2708494, at *1 (N.D. Miss. July 11, 2011) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

B.   Governor Bryant's Deposition

Having frustrated the efforts to depose him or an individual on his staff,[9] the Governor has no substantive reason for refusing to agree to a deposition of his office pursuant to Rule 30(b)(6). *See, e.g.*, Rule 26(b)(2) ("Parties are entitled to conduct discovery of information relevant to any party's claims or defenses . . . ."). In an effort to reach a compromise with Governor Bryant the JMAA Plaintiffs indicated during the June 27, 2017, telephonic hearing that they would agree to depose the Governor's office pursuant to Rule 30(b)(6) rather than continue seeking an individual deposition and forwarded a proposed list of 30(b)(6) deposition topics on June 28. Before he could agree to such a deposition and notwithstanding the parties discussions during the June 27, 2017, telephonic conference, the Governor attached several caveats, including a requirement that the JMAA Plaintiffs simply give up on seeking to obtain production of the 16 documents that the parties discussed with the Court during that conference.[10] The Governor's proposal cannot be viewed as anything more than another step in furtherance of his attempt to frustrate the JMAA Plaintiffs' efforts to conduct discovery.

---

[9] *See* [210-3] Composite Emails between N. Morisani, L. Merritt, and J. Matheny, attached as Composite Exhibit C to the JMAA Plaintiffs' [210] Motion to Extend Discovery and Dispositive Motions Deadlines.

[10] *See* Ex. A.

C.    Production of the 16 Documents

With respect to the 16 documents currently being withheld by Governor Bryant, the production of these documents can be accomplished in one of two ways. As the Court set forth in *BBC Baymeadows, LLC v. City of Ridgeland, Mississippi*, the Court can review the documents in camera to determine whether the documents are legislative in nature and, if so, permit the JMAA Plaintiffs to compel production of the documents by demonstrating that the applicable five factor balancing test weighs in the JMAA Plaintiffs' favor. *See* No. 3:14cv676-HTW-LRA, 2015 WL 5943250, at *3-4 (S.D. Miss. Oct. 13, 2015).[11] Alternatively, and as indicated during the June 27, 2017, telephonic conference, the Governor can produce the 16 documents subject to Rule 502(d) of the Federal Rules of Evidence such that the Governor's production in no way constitutes a waiver of the privilege he claims.

Of course, the latter approach is the simpler: it is less taxing on the resources of both the parties and the Court, more efficient from a temporal standpoint, and preserves the Governor's claimed privilege. Bearing this in mind, the JMAA Plaintiffs attempted to resolve the issue regarding the 16 documents through production of redacted documents subject to a protective order, but this compromise was rejected by the Governor, whose position with respect to the 16 documents is most aptly described as "move along, nothing to see here."[12] Such is not a cognizable ground for refusing to produce documents in federal court, especially when the Governor's concerns can be addressed through a protective order. *See generally Kuhns v. City of Allentown*, 264 F.R.D. 223, 228 (E.D. Pa. 2010) (noting that courts "have discretion to choose an appropriate order based on the particular interests requiring protection"). Consequently, the JMAA Plaintiffs respectfully request the Court either order the Governor to submit the 16

---

[11] Should the Court be inclined to take this approach, the JMAA Plaintiffs respectfully request the Governor and the JMAA Plaintiffs be permitted to submit a five to seven page briefs of authority regarding the application of the legislative privilege if that would assist the Court's in camera review.

[12] *See* Ex. A.

5

documents for an in camera review or, in the alternative, order the Governor to produce redacted copies of the 16 documents subject to protections preventing such production from being treated as a waiver, thus preserving the Governor's privilege claim for the time being.

### III. CONCLUSION

For the foregoing reasons, the JMAA Plaintiffs respectfully request an Order compelling Governor Bryant to submit to a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and to produce, subject to protections similar to those set out in Rule 502(d) of the Federal Rules of Evidence, redacted versions of 16 documents currently being withheld on a claim of legislative privilege.

Dated: July 7, 2017.

          Respectfully submitted,

BY:  /s/ *Fred L. Banks, Jr.*
      Fred Banks, Jr., Bar No. 1733
      LaToya C. Merritt, Bar No. 100054
      Nicholas F. Morisani, Bar No. 104970
      Phelps Dunbar LLC
      4270 I-55 North
      Jackson, Mississippi  39211-6391
      Telephone: (601) 352-2300
      Facsimile: (601) 360-9777
      fred.banks@phelps.com
      latoya.merritt@phelps.com
      nick.morisani@phelps.com

      John L. Walker, Bar No. 6883
      Kevin B. Bass, Bar No. 103968
      Walker Group, PC
      1410 Livingston Lane, Suite A
      Post Office Box 22849
      Jackson, Mississippi  39225-2849
      Telephone: (601) 948-4589
      Facsimile: (601) 354-2507
      jwalker@walkergrouppc.com
      kbass@walkergrouppc.com

**Attorneys for the JMAA**

By: /s/ *Tylvester Goss*
Tylvester Goss, Bar No. 4920
Goss & Williams, PLLC
1441 Lakeover Road
Jackson, Mississippi 39206
Telephone: (601) 981-2800
Facsimile: (601) 981-7979
tgoss@dgwlaw.com

**Attorney for Dr. Rosie L. T. Pridgen, LaWanda D. Harris, Vernon W. Hartley Sr., and Evelyn O. Reed, each individually as citizens of the City of Jackson, Mississippi**

By: /s/ *James L. Henley, Jr.*
James L. Henley, Jr.
4860 North State Street
P. O. Box 31464
Jackson, Mississippi 39286-1464
Telephone: (601) 519-2393
jh819@aol.com

**Proceeding Pro Se, individually as a citizen of the City of Jackson, Mississippi**

## CERTIFICATE OF SERVICE

I, *Fred L. Banks, Jr.*, certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system, which provides service of the foregoing to all counsel of record who have entered an appearance in this case as of the date below.

Date: July 7, 2017.

/s/ *Fred L. Banks, Jr.*
Fred L. Banks, Jr.

PD.21842172.1