UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKSON MUNICIPAL AIRPORT
AUTHORITY, ET AL.                                                                          PLAINTIFFS

VS.                                                      CIVIL ACTION NO. 3:16cv246-CWR-FKB

GOVERNOR PHIL BRYANT, ET AL.                                              DEFENDANTS

## ORDER EXTENDING DISCOVERY
## AND DISPOSITIVE MOTION DEADLINE

Before the Court is Plaintiff-Intervenor Jackson Municipal Airport Authority's ("JMAA") Motion to Extend Discovery Deadline and Dispositive Motions Deadline [210]. The Motion requests that the Court extend the current discovery deadline from June 30, 2017, until July 31, 2017, and to extend the current dispositive motions deadline from July 14, 2017, until August 14, 2017. Having considered the Motion, Defendant Governor Phil Bryant's Response [218], and the docket in this case, the Court finds that an extension of the discovery and dispositive motions deadline is appropriate.

Fed. R. Civ. P. 16(b) gives the Court the authority to amend a scheduling order if the party requesting the amendment demonstrates good cause. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)(citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

JMAA argues that the Court should modify the current scheduling order so that JMAA may conduct further discovery, the particulars of which are the subjects of Motions [214] and [222]. Governor Bryant responds that JMAA failed to timely pursue the discovery it now seeks, and that

JMAA lacks good cause to request a second extension of the discovery and dispositive motion deadlines. Governor Bryant further argues that because JMAA only filed its motion requesting an extension of the discovery deadline three days prior to the expiration of the current discovery deadline, L.U.CIV.R. 7(b)(2)(C) prohibits JMAA from requesting any extension at all.

The Court entered the original Case Management Order [64] only seven (7) months ago, on December 13, 2016, and the docket makes clear that the parties have been actively engaged in discovery and briefing motions since that time. The exhibits to JMAA's Motion [210] further demonstrate that JMAA has actively pursued the discovery it now seeks in Motions [214] and [222], and did so in accordance with L.U.CIV.R. 26(b)(2).

The Court finds that JMAA has shown good cause in support of its Motion. The docket and exhibits demonstrate that JMAA has diligently conducted discovery in this case, and that a reasonable basis exists for it not having been able to complete discovery by the June 30, 2017, deadline. Therefore, the Court grants JMAA's request for an extension of the discovery and dispositive motion deadline.[1]

The Court recognizes that the appropriate amount of time to extend the discovery and dispositive motion deadlines necessarily depends on how it rules on JMAA's pending discovery motions, [214] and [222]. Consequently, the Court will set new discovery and dispositive motion deadlines after ruling on those discovery motions.

SO ORDERED, this the 11th day of July, 2017.

                                                  /s/ F. Keith Ball
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Governor Bryant correctly asserts that JMAA failed to file its discovery motions, [214] and [222], in a timely manner under L.U.CIV.R. 7(b)(2)(C). However, considering the circumstances of this case and JMAA's diligence otherwise, and having found good cause for an extension of the scheduling order, the Court will consider JMAA's pending discovery motions. *See* Fed. R. Civ. P. 16(b). The Court warns the parties that failure to comply with L.U.CIV.R. 7(b)(2)(C) in the filing of discovery motions may result in the denial of the motion on that ground alone.