IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY A. STALLWORTH | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:16cv246-CWR-FKB |
| GOVERNOR DEWEY PHILLIP "PHIL" BRYANT, ET AL. | DEFENDANTS |
| and | |
| TONY T. YARBER, Mayor of the City of Jackson, Mississippi, on behalf of the Citizens of the City of Jackson, ET AL. | INTERVENOR-PLAINTIFFS |
| VS. | |
| PHIL BRYANT, in his Official Capacity as Governor of the State of Mississippi, ET AL. | DEFENDANTS |

---

## GOVERNOR PHIL BRYANT'S RESPONSES TO THE JACKSON MUNICIPAL AIRPORT AUTHORITY'S FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Defendant Phil Bryant, in his official capacity as Governor of the State of Mississippi ("Governor Bryant" or "Governor's Office") responds to the Jackson Municipal Airport Authority ("JMAA") intervenor-plaintiffs'[1] First Sets of Interrogatories and Requests for Production of Documents served on February 22, 2017 as follows:

### GLOBAL OBJECTIONS

Governor Bryant interposes and fully incorporates by reference into his Responses to each of the JMAA intervenor-plaintiffs' First Sets of Interrogatories and

---

[1] The collective term "JMAA intervenor-plaintiffs" as used herein refers specifically to the intervenor-plaintiffs Jackson Municipal Airport Authority, the Board of Commissioners of the Jackson Municipal Airport Authority, and "each of the Board members in their official capacities only," i.e., Rosie L.T. Pridgen, James L. Henley, Jr., LaWanda D. Harris, Vernon W. Hartley, and Evelyn O. Reed.

EXHIBIT 2

**RESPONSE TO INTERROGATORY NO. 1:** Governor Bryant objects to Interrogatory No. 1 as "assisting or providing information in preparing same" is overly broad and vague, and to the extent Interrogatory No. 1 seeks information subject to the attorney-client privilege, work product doctrine and/or joint defense or common legal defense privilege.

Subject to, and without waiving any objections, and as Governor Bryant interprets Interrogatory No. 1, Drew L. Snyder prepared these responses, with the assistance of counsel, and has verified their accuracy.

**INTERROGATORY NO. 2:** Please identify by name, address, and telephone number each person known to you or your attorneys to have discoverable knowledge that would tend to support or refute any claim, defense, or element of damages in this action. With regard to each person identified, please specifically state any and all knowledge they are believed to have regarding this suit and provide a brief summary of the facts and circumstances of which said person is believed to have knowledge. This interrogatory is continuing in nature.

**RESPONSE TO INTERROGATORY NO. 2:** Governor Bryant objects to Interrogatory No. 2 as its purported requirement of providing a statement of "any and all knowledge" that any persons with discoverable knowledge "are believed to have regarding this suit" and "a brief summary of the facts and circumstances of which said person is believed to have knowledge" is overly broad and vague, and to the extent Interrogatory No. 2 is improperly calculated to discover and seeks information subject to the work product doctrine, seeks mental impressions of counsel, and/or purports to require Governor Bryant to take statements from, or otherwise contact, any person(s) or entity(ies) encompassed by this overly broad and vague Interrogatory.

Subject to, and without waiving any objections, and as Governor Bryant interprets Interrogatory No. 2, the JMAA intervenor-plaintiffs are referred to the persons and/or entities identified by the parties in their respective initial disclosures, as well as the persons and/or entities identified in the documents produced by the parties in their respective initial disclosures and responses to written discovery in this matter and in the documents Bates labeled DEF 000151-003001 and served with these

-4-

responses. The burden of deriving the identity, contact information, and any recitation or summary of information believed to be held by any person or entity identified in these records produced in this matter is substantially the same for all parties to this lawsuit.

Governor Bryant expressly reserves the right to call any person or entity as a witness at trial; and/or otherwise rely on information available through any potential witness in this matter, who can reasonably be identified through the parties' initial disclosures, discovery responses, or a review of any documents that have been or will be produced by any party in discovery in this action.

**INTERROGATORY NO. 3:** Identify any and all persons who are believed to have knowledge of any statements (whether oral, written, on audiotape or videotape, or in any other form) made by the City of Jackson Mayor and Council Members, JMAA Commissioners and any employees, agents or representatives of the City of Jackson and JMAA, which you believe supports or tends to support the allegations of the Intervenors' Complaint (Doc. 42) and any of the answers filed in response to it. For each such person, identify:

(a) the person's name, address and telephone number;

(b) the statement or statements allegedly made, whether verbally or in writing or in any other form; and

(c) the name address and telephone number of the person or persons having custody of any document, audiotape or videotape containing such statement(s) and describe each such document, audiotape or videotape.

**RESPONSE TO INTERROGATORY NO. 3:** Governor Bryant objects to Interrogatory No. 3–particularly given all the intervenor-plaintiffs are public figures who regularly speak publicly and whose statements are often recorded in public records and/or the public domain, have spoken publicly about subject matter related to this lawsuit on countless occasions, and likely will speak publicly in the future about subject matter related to this matter on countless occasions–as the term "any statement" is overly broad in time and scope, vague, and Governor Bryant is incapable of researching and cataloging every conceivable "statement" which could arguably fall within the purported ambit of Interrogatory No. 3. Governor Bryant further objects to

As to Objections and Responses to Requests for
Production of Documents:

By:    JIM HOOD, ATTORNEY GENERAL

By:    *[signature]*
      Justin L. Matheny (Bar No. 100754)
      Krissy C. Nobile (Bar No. 103577)
      Office of the Attorney General
      P.O. Box 220
      Jackson, MS 39205
      Telephone: (601) 359-3680
      Facsimile: (601) 359-2003
      *jmath@ago.state.ms.us*
      *knobi@ago.state.ms.us*

      Whitney H. Lipscomb (Bar No. 104326)
      Office of Governor Phil Bryant
      550 High Street
      Jackson, MS 39201
      Telephone: (601) 359-3150
      Facsimile: (601) 359-3741
      *whitney.lipscomb@governor.ms.gov*

*Counsel for Governor Phil Bryant*

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Drew L. Snyder, as duly authorized on behalf of the Mississippi Governor's Office, hereby certify under penalty of perjury of the laws of the United States of America that the foregoing responses to interrogatories are true and correct, to the best of my knowledge and information available at the time of this declaration.

Dated: March 24, 2017

                                                                              *[signature]*
                                                            Drew L. Snyder, as duly authorized
                                                            on behalf of the Mississippi Governor's
                                                             Office