IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY A. STALLWORTH | PLAINTIFF |
| VS. | CIVIL NO.: 3:16-cv-246-CWR-FKB |
| GOVERNOR DEWEY PHILLIP "PHIL" BRYANT, ET AL. | DEFENDANTS |
| and | |
| TONY T. YARBER, Mayor of the City of Jackson, Mississippi, on behalf of the Citizens of the City of Jackson, et al. | PLAINTIFFS |
| VS. | CIVIL NO.: 3:16-CV-246-CWR-FKB |
| PHIL BRYANT, in his official capacity as governor of the State of Mississippi, et al. | DEFENDANTS |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS

This case presents a constitutional challenge to specific legislation enacted by the State of Mississippi. Presently, the Governor refuses to make three members of his staff available for deposition despite the fact that discovery to date reveals each individual was either involved in the conception of the challenged legislation or in monitoring the challenged legislation as it progressed through the State legislature. The Governor offers two primary reasons for his refusal: (a) all information that could possibly be relevant has already been produced and (b) if any additional discovery is needed, it should be conducted by means other than depositions. The Governor's position is deeply flawed on multiple levels, yet the Governor appears steadfast in his refusal to permit the requested fact witness depositions. Consequently, the JMAA Plaintiffs now seeks an Order compelling the depositions.

I. <u>RELEVANT BACKGROUND</u>

Plaintiffs, the Jackson Municipal Airport Authority ("JMAA"), the Board of Commissioners of the Jackson Municipal Airport Authority, and each of the Board members in their official and individual capacities (collectively, "JMAA Plaintiffs"),[1] are part of a group of Plaintiffs challenging the constitutionality of 2016 Senate Bill 2162 ("2016 S.B. 2162"), signed by Defendant Governor Phil Bryant ("the Governor") on May 4, 2016.  By its terms, 2016 S.B. 2162 amends Mississippi's Airport Authorities Law, Mississippi Code §§ 61-3-1 through 61-3-85, to remove control of the Jackson Medgar Evers International Airport ("Jackson Medgar Evers International") from the JMAA, which is the current governing board appointed entirely by officials from the City of Jackson, Mississippi, and place the Airport under the control of a new board, a majority of whose members are appointed directly and indirectly by the Governor.

A. <u>The Individuals to be Deposed</u>

On August 18, 2017, and after the position taken by the Governor required the JMAA Plaintiffs to file a [222] Motion to Compel, Plaintiffs deposed the Governor's office.[2]  Based on that deposition, the JMAA Plaintiffs subsequently decided to depose three individuals who work in the Governor's office: Joey Songy, the Governor's Chief of Staff;[3] Alice Perry, a Senior Policy Advisor;[4] and Bobby

---

[1] The following individuals serve as the Board members of the JMAA: Dr. Rosie L.T. Pridgen, Rev. James L. Henley, Jr., LaWanda D. Harris, Mr. Vernon W. Hartley, Sr., and Evelyn O. Reed.

[2] *See* [240] Notice to Take Deposition.

[3] *See* 30(b)(6) Dep. Gov. Bryant's Office ("Gov.'s Corporate Dep.") 9:19-10:7, attached as **Exhibit** "A".

[4] *See* Gov.'s Corporate Dep. 10:4-5.

Morgan, a Policy Advisor.[5] Each individual was involved with either conceiving the idea of the State taking control of Jackson Medgar Evers International[6] or the presentation, debate, and passage of 2016 S.B. 2162 in the Mississippi State legislature.[7]

B.      The Governor Admits Each Deponent Has Discoverable Knowledge

Not surprisingly, Songy, Perry, and Morgan have been identified by the Governor in his initial disclosures and in response to the JMAA's interrogatories as being individuals known to have discoverable knowledge.  Among the requirements for initial disclosures, parties "must, without awaiting a discovery request, provide to the other parties: (i) the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ."[8]  In his initial disclosures, the Governor responded to Rule 26(a)(1)(i)'s requirement by broadly stating the following: "[a]ny individuals *identified in documents produced*, or *otherwise identified in discovery* in this action . . . ."[9]

Subsequent to receiving the Governor's initial disclosures, the JMAA served its First Set of Interrogatories, which included the following request:

---

[5] *See* Gov.'s Corporate Dep. 10:1-3; *see also* November 17, 2017, Letter from N. Morisani to J. Matheny, attached as **Exhibit** "**B**".

[6] *See* Memorandum to Governor Bryant, Lucien Smith, and Chris Champion from Drew Snyder, produced by the Governor at Bates Nos. DEF-003047 through DEF-003055 (identifying Joey Songy), attached as **Exhibit** "**C**" (To Be Filed Under Seal).

[7] Gov.'s Corporate Dep. 49:9-12 (Bobby Morgan was the policy staffer assigned to 2016 S.B. 2162); 17:15-24 (Alice Perry's legislative portfolio for the 2016 legislative session included energy, environment, and infrastructure).

[8] Fed. R. Civ. P. 26(a)(1)(A).

[9] *See* Excerpt of the Governor's Initial Disclosures No. 1 at pages 1-2, attached as **Exhibit** "**D**" (emphasis added).

3

> **INTERROGATORY NO. 2**: Please identify by name, address, and telephone number each person known to you or your attorneys ***to have discoverable knowledge that would tend to support or refute any claim***, ***defense***, ***or element of damages in this action***. . . . .[10]

The Governor responded by "refer[ing]" the JMAA "to the ***persons . . . identified by the parties in their respective initial disclosures*** . . . [and] ***documents produced by the parties***."[11]

Against this backdrop, the Governor has produced documents clearly "identifying" Joey Songy, Alice Perry, and Bobby Morgan.[12] Thus, by the plain language of the Governor's initial disclosures and response to Interrogatory No. 2, Songy, Perry, and Morgan are "individual[s] likely to have discoverable information . . . that the [Governor] may use to support [his] claims or defenses"[13] and are persons "known to [the Governor] or [his] attorneys to have discoverable knowledge that would tend to support or refute any claim, defense, or element of damages in this action. . . ."[14]

C.   The Governor's Refusal

Nevertheless, the Governor refuses to make Songy, Perry, or Morgan available for deposition. Specifically, the Governor declares he "will not make

---

[10] *See* Excerpt of the Governor's Responses to attached hereto as **Exhibit** "**G**" (emphasis added).

[11] *See id.* (emphasis added).

[12] *See* **Ex**. "**C**" at DEF-003048, DEF-003054 (identifying Joey Songy) (To Be Filed Under Seal); Jan. 6, 2016, Email from D. Snyder to C. Chandler and K. Graham, produced by the Governor at Bates Nos. DEF-003086 through DEF-003112 (identifying Joey Songy at DEF-003092), attached as **Exhibit** "**E**" (To Be Filed Under Seal); *and* Composite of Email Correspondence Produced by the Governor (identifying Joey Songy, Alice Perry, and Bobby Morgan), attached as **Exhibit** "**F**".

[13] *See* **Ex**. **D**.

[14] *See* **Ex**. **G**.

available any additional members of the Governor's Office for depositions."[15] Aside from frustrating discovery in this case, this refusal conflicts with Rules 26 and 30 of the Federal Rules of Civil Procedure because the Governor has admitted that each of these three individuals are persons having discoverable knowledge.

The Governor's rationale for this position is worse. Self-servingly, the Governor posits that any and all relevant evidence has already been produced and any other information sought should be obtained using discovery devices other than a deposition.[16] The JMAA Plaintiffs tried to reason with the Governor, addressing each position and explaining why it was in the parties' interests to agree to the requested depositions,[17] but this effort was unfruitful.

Thus, on December 18, 2017, the Court held a brief telephone conference to discuss this dispute. The Governor maintained that he will not make any of the three witnesses available. The Court thus permitted this discovery motion.

## II. LEGAL ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden to establish

---

[15] *See* Nov. 30, 2017, Correspondence from the J. Matheny to N. Morisani, attached as **Exhibit** "**H**".

[16] *See* **Ex**. "**H**". The Governor also quibbles that the depositions have no purpose other than to burden his staff and delay this case. A product of pure speculation, this position is swiftly disposed. As to burden, the JMAA only seeks to depose the individuals in the Governor's office who were involved with the conception, debate, and passage of 2016 S.B. 2162 and proposed doing so over two days at a date and time based on their availability to minimize the disruption of their schedules they would otherwise face had the depositions been taken one day at a time. As to delay, it is the Governor who has required not one but now two motions to compel permissible, reasonable, and basic discovery. Of course, neither motion—and the accompanying delay—should have been necessary but for the positions taken by the Governor.

[17] *See* December 4, 2017, letter from N. Morisani to J. Matheny, attached as **Exhibit** "**I**".

5

the lack of relevance by showing that the requested discovery . . . is outside the broad scope of relevance as defined by Rule 26(b)(1) . . . ." *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14cv78-DCB-MTP, 2016 U.S. Dist. LEXIS 179325, at *17 (S.D. Miss. May 16, 2016) (quoting *Smith v. Employers Mut. Cas. Co.*, 2011 U.S. Dist. LEXIS 26808, at *2 (M.D. La. Mar. 16, 2011)).

Here, the Governor acknowledges that Songy, Perry, and Morgan possess discoverable knowledge.[18] Their depositions are entirely proportional to the needs of this case given the important constitutional issues at stake and the absence of any other access to the knowledge the Governor acknowledges these three individuals possess. Proportionality is further borne out by the importance of the knowledge each deponent possesses given their respective roles related to 2016 S.B. 2162. The fact that what little, if any, burden caused by the depositions would be vastly outweighed by the benefit afforded to the JMAA Plaintiffs in gaining information from these individuals, each of whom were uniquely situated to 2016 S.B. 2162, similarly supports the proportional nature of the depositions.

The two primary reasons the Governor wages in support of his refusal to permit their depositions are equally meritless. Looking first to the Governor's contention that all relevant information has already been produced through other means, the Governor's conception of what constitutes relevant evidence does not control. *See* Fed. R. Civ. P. 26(b)(1) (defining relevancy).[19] The corporate deposition

---

[18] *See infra* note ___ and accompanying text.

[19] This tack also is tantamount to impermissibly attempting to control the means and manner through which the JMAA Plaintiffs seek to conduct discovery. *See Chaney v. Kan. City S. Ry. Co.*, No. 06-3469, 2007 U.S. Dist. LEXIS 63451, at *3 (E.D. La. Aug. 27, 2007) ("Federal Rule of Civil Procedure Rule 26(d) provides that there is no priority rule for the sequence of discovery."). And,

6

testimony of Governor Bryant's office and documents produced by the Governor reveal that Mr. Songy was the first person in the Governor's office to conceive the idea of the state taking control of Jackson Medgar Evers International, and Songy was involved in various meetings and conversations with others—legislators and third parties—both before and after 2016 S.B. 2162 was introduced.[20]  This discovery also reveals that Alice Perry and Bobby Morgan were charged with monitoring 2016 S.B. 2162 while it proceeded in the State legislature and were involved in meetings with third parties related to the airport takeover and the circumstances related to an alleged reason underlying the decision to take control of the airport.[21]

Equally unavailing is the Governor's contention that information can be gained from the three prospective deposition witness through means other than their depositions.  Parties can choose to conduct discovery through any discovery device and in any sequence permitted under the Federal Rules.  *See, e.g.*, *Carman v. Bayer Corp.*, No. 5:08-CV-148-FPS, 2009 WL 1919049, at *2 (N.D. W. Va. July 1, 2009) ("The rules and the case law provide no sequence for discovery. Any party may choose any sequence it chooses in the absence of a specific prohibition."); Fed. R. Civ. P. 26(d)(3)(A) (providing that the "methods of discovery may be used in any sequence").  In the face of this well-settled principle, the Governor has not and

---

taken to its logical extent, this position would permit parties simply to refuse making witnesses available for deposition on the self-serving contention that the party requesting the deponent's attendance already has everything it needs regardless of the nature of discovery that has and has not been conducted.

[20] *See* **Ex**. "**C**" *and* **Ex**. "**E**" (Both To Be Filed Under Seal).

[21] Gov.'s Corporate Dep. 49:9-12; 17:15-24; *see also* **Ex**. "**E**."

cannot establish a valid reason for dictating the manner in which the JMAA Plaintiffs conduct discovery.

At bottom, the JMAA Plaintiffs are entitled to depose these three fact witnesses. A party may choose the methods of discovery which it will employ, "so long as the choice is not foreclosed by the [Federal] Rules." *Lee v. Knutson*, 112 F.R.D. 105, 110 (N.D. Miss. 1986). Nothing in the Federal Rules prohibits the JMAA Plaintiffs from building off information learned through other discovery by deposing a mere three individuals—out of a multitude of individuals identified in that prior discovery—each of whom were involved with the legislation at the center of this case and each of whom the Governor acknowledges have discoverable knowledge. The JMAA Plaintiffs thus respectfully request an Order compelling the Governor to produce Songy, Perry, and Morgan for deposition.

### III. CONCLUSION

For the foregoing reasons, the JMAA Plaintiffs respectfully request an Order compelling the depositions of each staff member pursuant to Rule 30 of the Federal Rules of Civil Procedure.

Dated: January 11, 2018.

Respectfully submitted,

BY:  /s/ *Fred L. Banks, Jr.*
     Fred Banks, Jr., Bar No. 1733
     LaToya C. Merritt, Bar No. 100054
     Nicholas F. Morisani, Bar No. 104970
     Phelps Dunbar LLC
     4270 I-55 North
     Jackson, Mississippi  39211-6391
     Post Office Box 16114
     Jackson, Mississippi  39236-6114
     Telephone: (601) 352-2300

8

       Facsimile: (601) 360-9777
       fred.banks@phelps.com
       latoya.merritt@phelps.com
       nick.morisani@phelps.com

       John L. Walker, Bar No. 6883
       Kevin B. Bass, Bar No. 103968
       Walker Group, PC
       1410 Livingston Lane, Suite A
       Post Office Box 22849
       Jackson, Mississippi  39225-2849
       Telephone: (601) 948-4589
       Facsimile: (601) 354-2507
       jwalker@walkergrouppc.com
       kbass@walkergrouppc.com

       **Attorneys for the JMAA**

By:   /s/ *Tylvester Goss*
       Tylvester Goss, Bar No. 4920
       Goss & Williams, PLLC
       1441 Lakeover Road
       Jackson, Mississippi 39206
       Telephone: (601) 981-2800
       Facsimile: (601) 981-7979
       tgoss@dgwlaw.com

       **Attorney for Dr. Rosie L. T. Pridgen, LaWanda D. Harris, Vernon W. Hartley Sr., and Evelyn O. Reed, each individually as citizens of the City of Jackson, Mississippi**

By:   /s/ *James L. Henley, Jr.*
       James L. Henley, Jr.
       4860 North State Street
       P. O. Box 31464
       Jackson, Mississippi 39286-1464
       Telephone: (601) 519-2393
       jh819@aol.com

       **Proceeding Pro Se, individually as a citizen of the City of Jackson, Mississippi**

## CERTIFICATE OF SERVICE

I, *Fred L. Banks, Jr.*, certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system, which provides service of the foregoing to all counsel of record who have entered an appearance in this case as of the date below.

Date: January 11, 2018.

                                            /s/ *Fred L. Banks, Jr.*
                                            Fred L. Banks, Jr.