IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY A. STALLWORTH                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:16cv246-CWR-FKB

GOVERNOR DEWEY PHILLIP
"PHIL" BRYANT, ET AL.                                         DEFENDANTS

and

TONY T. YARBER, Mayor of the City of
Jackson, Mississippi, on behalf of the
Citizens of the City of Jackson, ET AL.          INTERVENOR-PLAINTIFFS

VS.

PHIL BRYANT, in his Official Capacity as
Governor of the State of Mississippi, ET AL.                 DEFENDANTS
_____

GOVERNOR BRYANT'S REBUTTAL MEMORANDUM
SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO THE COMPLAINT'S COUNTS V AND VI
_____

So far, nearly two years have elapsed since ex-Jackson Municipal Airport Authority Commissioner Jeffery Stallworth filed this lawsuit to forestall 2016 Senate Bill 2162's implementation.  The Court has thrown out his claims and half those of his co-plaintiffs.  Now, it is time to dispose of two more claims.  Despite the plaintiffs' empty protests, S.B. 2162 is a "general law," and Section 87 of the Mississippi Constitution lacks any application to it.  Partial summary judgment dismissing Counts V and VI is in order.

**REBUTTAL ARGUMENT**

**I.     S.B. 2162 Comports with Section 87 of the Mississippi Constitution; Count V Should be Dismissed.**

In a Section 87 challenge, as with any other Mississippi constitutional claim, the targeted legislative act is presumed constitutional.  ***Secretary of State v. Wiesenberg***, 633 So. 2d 983, 989 (Miss. 1994).  The challengers must prove "beyond all reasonable doubt that the legislation is unconstitutional."  ***Bond v. Marion County Bd. of Supr's***, 807 So. 2d 1208, 1220 (¶43) (Miss. 2001).  And, the Court has no "duty to look for factual possibilities or scenarios" to strike down the legislation. ***Wiesenberg***, 633 So. 2d at 989.  The opposite is true.  The Court's "duty is to interpret the Act and envision facts and scenarios in which the statute could be held constitutional."  ***Id.***  JMAA's response[1] fails to carry its heavy burden of establishing S.B. 2162 is a "special law" which Section 87 outlaws.

**A.     S.B. 2162 is a "General Law," Not an Unconstitutional "Special Law," as a Matter of Law.**

Section 87 only limits the Legislature's power to enact "special laws," not "general laws."  S.B. 2162 is a "general law."  Nothing in JMAA's response compels any different legal conclusion.

**1.     Enactments designed to promote the general public interest are "general laws."**

According to the Mississippi Supreme Court, a legislative act addressing a general

---

[1]  The Jackson Municipal Airport Authority, its Board of Commissioners, and the commissioners in their "official capacities" filed a response and supporting memorandum in opposition to Governor Bryant's motion which their co-plaintiffs joined.  [*See* Dkt. 281-93].  For clarity, this brief refers to the plaintiffs collectively as "JMAA" and their response memorandum as "JMAA's response."

"problem of statewide import" is a "general law." **Wiesenberg**, 663 So. 2d at 995. No matter who, where, or what an enactment focuses on, it constitutes a "general law" if designed to benefit the public-at-large or a large proportion of the State's population. **Loden v. Mississippi Public Service Comm'n**, 279 So. 2d 636, 639-40 (Miss. 1973); **Culley v. Pearl River Industrial Comm'n**, 108 So. 2d 390, 397-98 (Miss. 1959). S.B. 2162 fits that description. It addresses a problem of broad public import. It seeks to benefit the public-at-large by establishing a new governing authority for Jackson-Evers International Airport. Jackson-Evers stands alone as the State's largest commercial airport. The airport annually serves more passengers than all others combined, serves an area of over a million citizens, and has an annual economic impact of over $1.8 billion on the State as a whole.[2] Those things, by themselves, make S.B. 2162 a "general law" under **Wiesenberg**, **Loden**, and **Culley**.

JMAA does not, and cannot, genuinely dispute any of this. So page seven of its response tries to change the subject using **City of Canton v. Nissan North America**, 870 F.Supp.2d 430 (S.D. Miss. 2012). As JMAA points out, in rejecting the city's Section 87 claim on summary judgment, **Canton** aptly observed that a "statute drawn in such a way that it operates uniformly in every corner of the state" is a "general law." 870 F.Supp.2d at 438-39. But uniform operation across the entire State is not the only way legislation attains "general law" status. As **Wiesenberg**, **Loden**, **Culley**, and other precedents discussed below prove, "general laws" also include enactments, like S.B. 2162, that address an issue of broad import or are narrowly focused for rational

---

[2] [*See* UMF 14:144-157, Dkt. 268-1; UMF 20: 207-211, Dkt. 268-1; UMF 23:362, Dkt. 268-1].

reasons. **Canton**'s observation is true. But it is not the only truth about "general laws," and does not transform S.B. 2162 from a "general law" into an impermissible "special law."[3]

> ## 2. A narrowly focused law that is not arbitrary or unreasonable is a "general law," and not subject to Section 87.

S.B. 2162 is still not a "special law," even if its benefit to the public-at-large does not render it a "general law" all by itself. The enactment's "general" or "special" law status does not, as JMAA's response suggests in quoting **Vardaman v. McBee**, exclusively hinge upon its limitation "'in operation to certain persons or classes of persons, natural or artificial, or to certain districts of the territory of the State . . ..'" [Pl. Mem. at p. 5, Dkt. 282 (quoting **Vardaman v. McBee**, 21 So. 2d 661, 664 (Miss. 1945)]. JMAA's half-quote from **Vardaman** is misleading. The true measure of a "special law" is whether it operates on a limited classification of persons or areas <u>and</u> the conceivable reasons for its limited application are unreasonable or arbitrary.

As **Vardaman** recognized, two conditions must exist to render a statute an

---

[3] JMAA's loose comparison of Jackson-Evers and Gulfport-Biloxi International Airport also fails to prove that S.B. 2162 is anything other than a "general law." [Pl. Mem. at pp. 7-8, Dkt. 282]. Gulfport-Biloxi, which is governed by a "regional airport authority" organized under Code Section § 61-3-7, is not a valid comparator to Jackson-Evers. The two are vastly different. Gulfport-Biloxi, for example, does not serve anywhere near the area or number of passengers, or generate the amount of statewide economic impact as Jackson-Evers. [UMF 20:207-211, Dkt. 268-1; UMF 22:290-311, Dkt. 268-1; UMF 23:362, Dkt. 268-1].

Moreover, even wrongfully assuming the two have comparably broad importance, that would not establish JMAA's flawed premise—*i.e.*, a legislative enactment affecting one of the two airports can only be a "general law" if it applies to both of them. To the contrary, if both have such significant importance, that just means the Legislature, exercising its wide discretion on the subject, can pass a law regulating either one of them and its enactment would comport with Section 87 as a "general law" under **Wiesenberg** and its predecessors.

unconstitutional "special law."  Including the part omitted from JMAA's response,

***Vardaman*** explained:

> Class legislation, also often called local or private legislation, is legislation limited in operation to certain persons or classes of persons, natural or artificial, or to certain districts of the territory of the State, <u>and statutes which make unreasonable or arbitrary classifications or discriminations violate provisions of Constitutions prohibiting special laws granting any special or exclusive privileges, immunities, or franchises, or passed for the benefit of individuals inconsistent with the general law of the land</u>.

***Vardaman***, 21 So. 2d at 664 (citations omitted, emphasis added).

Numerous other Mississippi authorities confirm a two-step inquiry is required to identify "special laws," not a mere focus on whether the law only operates on particular places or people.  In ***Loden***, for example, utility rate protestors challenged the act creating the Mantachie Natural Gas District, which included only portions of Itawmaba and Lee counties.  279 So. 2d at 639.  The Supreme Court rejected the notion that the act's narrow application was enough to render it a "special law":

> The rule is that a statute which applies only to a single county is not necessarily to be legally branded as a special or local law and thus unconstitutional.  In order to be a general law it is not required in all cases that a statute literally extend to all the people of the state in every geographical part thereof, but it may be constitutionally intended to operate within a limited territory or place.  This Court held over half a century ago that a law is not general by reason of the fact that it may be operative upon every citizen of the state but because every person that can be brought within its predicament becomes subject to its operation.

***Id.*** (internal quotations and citations omitted).  Given the Legislature's "considerable discretion" in the matter and conceivably legitimate reasons for creating the District, ***Loden*** held the Mantachie act's isolated operation to residents of two counties did not make it a "special law."  ***Id.*** at 640.  Rather, because the act "was not arbitrary, unjust or capricious but, on the other hand was a reasonable classification," it was a "general law."

*Id.*[4]

More significant, even JMAA's two so-called "instructive" cases undercut its position. In ***State ex rel. Pair v. Burroughs***, 487 So. 2d 220 (Miss. 1986) and ***Smith v. Transcontinental Gas Pipeline Corporation***, 310 So. 2d 281 (Miss. 1973), the Mississippi Supreme Court found statutes operating only on a single county were unconstitutional "special laws." But that was only because the statutes' isolated operation was arbitrary or unreasonable. The statute in ***Pair*** applied to one county's community hospital. ***Pair***, 487 So. 2d at 224. It was only an impermissible "special law," however, given its narrow application bore "no rational relationship to the limited classification" of the statute. ***Id.***

Similarly, the enactment in ***Smith*** excepted a county from general laws governing underground storage tanks. ***Smith***, 310 So. 2d at 281-82. The Court held the enactment was an unconstitutional "special law." ***Id.*** at 285. But that was so only given the statute's narrow application to one county was "arbitrary." ***Id.*** The fatal problem for JMAA here is many conceivable reasons for S.B. 2162's narrow focus, unlike the statutes in ***Pair*** and ***Smith***, prove it is neither arbitrary nor unreasonable.

---

[4] *See also*, *e.g.*, ***Jackson Redevelopment Authority v. King, Inc.***, 364 So. 2d 1104, 1107-08 (Miss. 1978) (statute applicable solely to one city (*i.e.*, Jackson) upheld as a "general law" because the limitation was rational and the Legislature possesses "wide discretion" to narrowly draw a law "if any state of facts can reasonably be conceived to sustain it"); ***Culley***, 108 So. 2d at 398 (legislation applicable to a limited area was a "general law" where the limitation was not arbitrary and had a "reasonable basis"); ***Clark v. State***, 152 So. 820, 823 (Miss. 1934) (act regulating a limited group of persons constituted a "general law" because the limitation had "a reasonable relation to the purpose sought to be attained" and was not "arbitrary or unreasonable"); ***City of Jackson v. Deposit Guaranty Bank & Trust Co.***, 133 So. 195, 197 (Miss. 1931) (enactment was a "general law," although limited to a specific class, the limitation was "germane to the subject of the legislation" and "not an arbitrary classification without regard to its just relation to the thing to be effected").

### 3.    S.B. 2162 is a "general law" whose focus is rationally related to several legitimate state interests, and therefore not prohibited by Section 87.

Nobody disputes that S.B. 2162 keys on Jackson-Evers.  For Section 87's purposes, under all relevant precedent, the legal question of S.B. 2162's "general law" or "special law" status is: whether that limited focus is arbitrary or unreasonable?  "No" is clearly the answer.

Basic rational basis review applies in evaluating S.B. 2162's focus on Jackson-Evers under Section 87.  *See*, *e.g.*, ***Jackson Redevelopment Authority***, 364 So. 2d at 1107-08; ***Loden***, 279 So. 2d at 640; ***Clark***, 152 So. at 823.  Because that focus is rationally related to many legitimate governmental interests, S.B. 2162 is a "general law" and no conflict with Section 87 exists whatsoever.

Fifty-one undisputed material facts and more than 1300 pages of evidence prove the Governor's point.  [*See* Gov. Mem. at pp. 16-20, Dkt. 269].  Jackson-Evers is the State's largest airport.  It is located amongst numerous jurisdictions beyond Jackson.  It is a key component of the State's transportation, shipping, and military defense network, and a significant economic development driver for the capitol-area and the State as a whole.  The airport directly and indirectly impacts the State's economic growth, commerce, business and personal travel, and the daily lives of a vast number of Mississippians.

S.B. 2162 is reasonably calculated to improve the airport and advance the forgoing interests, and numerous others.  It establishes the new Jackson Metropolitan Area Airport Authority, and is calculated to diversify the airport's stakeholder representation, enhance the governing body's collective experience and business-

orientation, and includes a governance structure that comports with recognized best practices in the industry and the public interest, if approved by the FAA.

JMAA cannot dispute these points. So it throws out two distractions. Initially, JMAA tries to move the goal posts by claiming "section 87 requires that the law be *narrowly tailored* to a governmental interest." [Pl. Mem. at p. 10, Dkt. 282 (emphasis in original)]. No caselaw supports that faulty proposition, JMAA identifies none, and all the authorities cited above prove JMAA is wrong. Moreover, even incorrectly assuming S.B. 2162 must be "narrowly tailored" to a legitimate governmental interest, JMAA cannot explain how the bill does not satisfy that standard.

JMAA also says it needs more discovery to explore the reasons the Legislature enacted S.B. 2162. [Pl. Mem. at p. 10 n.3, Dkt. 282]. That stall tactic gets JMAA nowhere. Whether or not governmental action is rationally related to a legitimate governmental interest presents a legal question, not a fact issue. ***Cripps v. Louisiana Dept. of Agriculture and Forestry***, 819 F.3d 221, 232 (5th Cir. 2016); ***Johnson v. City of Canton***, 194 So. 3d 161, 170 (¶ 37) (Miss. Ct. App. 2015). Answering the legal question does not depend on factual proof. Under a rational basis analysis, the standard is whether any <u>conceivable</u> state of facts could sustain the 2016 Legislature's decision to focus on Jackson-Evers. *See*, *e.g.*, ***Jackson Redevelopment Authority***, 364 So. 2d at 1107-08; ***Loden***, 279 So. 2d at 640; ***Clark***, 152 So. at 823. Meanwhile, the Legislature's alleged actual motivation behind S.B. 2162 is totally irrelevant, even wrongfully assuming the multi-member body's intent was inconsistent with the numerous and obvious conceivable rational bases for the bill. ***Jackson Redevelopment Authority***, 364 So. 2d at 1107-08; *see also*, *e.g.*, ***F.C.C. v. Beach***

*Communications*, 508 U.S. 307, 315 (1993); ***FM Properties Operating Co. v.***

***City of Austin***, 93 F.3d 167, 174-75 (5th Cir. 1996).  Indeed, as the Fifth Circuit recently

reiterated in ***Duarte v. City of Lewisville, Texas***, cited in the JMAA's response at

page ten, adjudicating a rational basis issue does not require that

> a legislature or governing decisionmaker actually articulate at any time the
> purpose or rationale supporting its classification.  Instead, the court's
> review merely requires that a purpose may conceivably or may reasonably
> have been the purpose and policy of the relevant governmental
> decisionmaker.  As long as there is *a* conceivable rational basis for the
> official action, it is immaterial that it was not *the* or a primary factor in
> reaching a decision or that it was not *actually* relied upon by the
> decisionmakers or that some *other* nonsuspect irrational factors may have
> been considered.

858 F.3d 248, 355 (5th Cir. 2017) (internal citations and quotations omitted, emphasis in

original).

      S.B. 2162's focus on Jackson-Evers is not arbitrary or unreasonable.  It is a

"general law."  As a matter of law, Section 87 lacks any application to S.B. 2162 and

Count V should be dismissed.[5]  No amount of discovery can rescue JMAA from that legal

conclusion.

> **B.**    **Section 61-3-7 is not a "General Law" that "Can be Made
> Applicable and Would be Advantageous" to Create the
> Metropolitan Authority.**

      Setting everything aside, and wrongfully assuming S.B. 2162 is not a "general

law," JMAA's legal theory still does not hold water.  The only claim actually pled in

---

[5]  Not only does S.B. 2162's "general law" status eliminate JMAA's actual claim under the
third provision of Section 87, that conclusion also nullifies any new, unpled, and misplaced
claims it may attempt to advance in its summary judgment response premised upon any other
Section 87 provisions.  [Pl. Mem. at pp. 8-9, Dkt. 282].  S.B. 2162 is not a "special law."  So, as a
matter of law, it is not a prohibited "special law" enacted for the benefit of individuals or
corporations or a "special law" which suspends a "general law" to benefit individuals or
corporations.

Count V is that Code Section 61-3-7 is a "general law" that "can be applicable" and "would be advantageous" to create the Metropolitan Authority.  [Complaint at pp. 35-36, Dkt. 42].

Section 61-3-7 explains how, as authorized by the Legislature, municipalities may choose to create a "regional airport authority."  The Legislature is not a "municipality." *See* Miss. Code Ann. § 61-3-3(i).  And S.B. 2162 creates the Metropolitan Authority, not a "regional airport authority."  Comparing the bill to Section 61-3-7, side-by-side, proves the section cannot be used to establish a nine-member commission appointed from state and local authorities that will run the State's largest airport, much less that using Section 61-3-7 "would be advantageous."  Indeed, the Court has already recognized, as a matter of law, Section 61-3-7 is irrelevant to the Legislature's creation of the Metropolitan Authority.  [Order at p. 7, Dkt. 230].  That is another, and independent, reason Count V fails to state a viable legal claim and should be dismissed.

## II.    Count VI States no Independent Claim and Should be Dismissed.

JMAA's response regarding Count VI misconstrues its own pleading, and the reasons Count VI should be dismissed along with Count V.  The JMAA and Jackson plaintiffs only currently remaining claims are Counts V and VI.  [Order, Dkt. 230; *see also* Chart, Gov. Mem. at pp. 10-11, Dkt. 269].  Only the JMAA and Jackson plaintiffs pled those counts.  [Complaint at pp. 35-38, Dkt. 42].  After Count V is dismissed, Count VI, which states no independent cause of action on the JMAA and Jackson plaintiffs' behalf, should likewise be dismissed.

As JMAA recognizes, the individual plaintiffs may seek their own injunctive relief on their Due Process and Equal Protection claims (Counts VII and VIII) after the Court

dismisses Counts V and VI.  [Pl. Mem. at p. 11, Dkt. 282].  But, at this juncture, that is beside the point.  Dismissing Count V will leave the JMAA and Jackson plaintiffs without any claims before the Court.  Thus, if the Court rejects Count V's Section 87 claim, and it should, its dismissal order should confirm all counts asserted by the Jackson and JMAA plaintiffs no longer exist.

**CONCLUSION**

As a policy matter, JMAA and others may believe S.B. 2162 is unfair, unwise, and unjust.  But, as a legal matter, the bill is a "general law," and otherwise comports with Section 87.  JMAA's Counts V and VI fail to state a valid claim and should be dismissed.

THIS the 27th day of March, 2018.

Respectfully submitted,

GOVERNOR PHIL BRYANT

By:      JIM HOOD, ATTORNEY GENERAL

By:      S/Justin L. Matheny
         Justin L. Matheny (Bar No. 100754)
         Krissy C. Nobile (Bar No. 103577)
         Office of the Attorney General
         P.O. Box 220
         Jackson, MS 39205
         Telephone: (601) 359-3680
         Facsimile: (601) 359-2003
         *jmath@ago.state.ms.us*
         *knobi@ago.state.ms.us*

         Whitney H. Lipscomb (Bar No. 104326)
         Office of Governor Phil Bryant
         550 High Street
         Jackson, MS 39201
         Telephone: (601) 359-3150
         Facsimile: (601) 359-3741
         *whitney.lipscomb@governor.ms.gov*

*Counsel for Governor Phil Bryant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

THIS the 27th day of March, 2018.

S/Justin L. Matheny
Justin L. Matheny