IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY A. STALLWORTH | PLAINTIFF |
| VS. | CIVIL NO.: 3:16-cv-246-CWR-FKB |
| GOVERNOR DEWEY PHILLIP "PHIL" BRYANT, ET AL. | DEFENDANTS |
| and | |
| TONY T. YARBER, Mayor of the City of Jackson, Mississippi, on behalf of the Citizens of the City of Jackson, et al. | PLAINTIFFS |
| VS. | CIVIL NO.: 3:16-CV-246-CWR-FKB |
| PHIL BRYANT, in his official capacity as governor of the State of Mississippi, et al. | DEFENDANTS |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF RULE 56(D) MOTION TO DENY OR DEFER RULING ON GOVERNOR PHIL BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE COMPLAINT'S COUNTS V AND VI**

The Jackson Municipal Airport Authority ("JMAA" or "Plaintiff") submits this Reply Memorandum in Support of its Rule 56(d) Motion to Deny or Defer Ruling on Governor Phil Bryant's ("Governor") Motion for Partial Summary Judgment as to Counts V and VI of the Complaint. In support of its request, Plaintiff would show unto the Court as follows:

## INTRODUCTION

The Governor's opposition to JMAA's request to defer ruling on the motion for summary judgment until there has been additional discovery shockingly suggests that JMAA is responsible for the current stalemate. According to the Governor, by requesting discovery to support to its claims, JMAA "instigated" the ongoing discovery disputes with the Governor and Mississippi legislators. *See* Governor's Opposition Memo, Doc. No. 307 at 1. In other words, JMAA's persistent attempts to obtain discovery are the reason why its Rule 56(d) motion should be

denied. This suggestion is not only unsound, it is contrary to Fifth Circuit precedent which states that when a party's "diligent efforts to obtain discovery . . . have been unsuccessful, a continuance of a motion for summary judgment for purpose of discovery should be granted almost as matter of course." *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

To get around this rule, the Governor next mischaracterizes § 87 of the Mississippi Constitution's prohibition on special laws as a pure legal question. And he contends that JMAA admitted this by arguing in its motion to intervene that Senate Bill 2162, on its face, violates § 87. *Id.* at 3. The fact that legislation can be unconstitutional on its face, however, does not mean that evidence of application or intent cannot also render it unconstitutional. The Governor's own motion for summary judgment argues that JMAA's special law claim must fail because § 87 only applies to laws that were enacted for the benefit of private individuals. *See* Governor's Supporting Summary Judgment Memo, Doc. No. 269 at 13-14. He cannot now argue that discovery regarding the intended beneficiaries of Senate Bill 2162 is irrelevant to the claim. He also cannot argue that Senate Bill 2162, which affects only the Jackson-Wiley Evers International Airport ("Jackson Airport"), is a general law by pointing to evidence of the Jackson Airport's economic impact on the state and, in the same breath, assert that JMAA is not entitled to evidence that rebuts this contention. *Compare id.* at 12-13, 17-18 *with* Doc. No. 307 at 11-14.

The Court should not allow the Governor to fight JMAA with its hands tied behind its back. Because he and his legislative allies have continuously stalled and obstructed JMAA from obtaining discovery to support its special law claim, this Court should defer ruling on the Governor's motion for summary judgment until JMAA is allowed an adequate opportunity to take discovery.

# ARGUMENT AND AUTHRORITIES

**I.  JMAA has demonstrated that additional discovery is needed to obtain specific facts that likely exist.**

Contrary to the Governor's opposition, JMAA has stated more than a vague assertion that additional discovery will produce needed, but unspecified facts.  Indeed, its supporting memorandum and declaration identifies a plausible basis for believing that the subpoenaed documents from the Mississippi legislators—all of whom had key roles in the passage of Senate Bill 2162[1]—and testimony from the Governor's three staff members—who each were involved in the conception, debate, or passage of Senate Bill 2162[2]—will reveal who the law was enacted to benefit, what its legislative goals are, and whether it is related to a legitimate governmental purpose. *See, e.g., Stark v. University of Southern Miss.*, No. 2:13-CV-31–KS–MTP, 2013 WL 5563767, at *3, 6 (S.D. Miss. Oct. 8, 2013) (granting Rule 56(d) motion where plaintiff stated that requested discovery will "provide information regarding [the defendant's] motive and intent).

The opposition, in arguing that JMAA's identified facts are not specific enough, would have this Court believe that JMAA was required to show the requested discovery will reveal that Senate Bill 2162 was enacted to benefit "X, Y, & Z".  In light of the liberal approach courts are required to take towards Rule 56(d) motions, the bar cannot be set as high as the Governor suggests to obtain relief. *See id.* at * 6 (stating that the Rule 56(d) standard is "not so high"); *see also Fortenberry v. Prine*, No. 2:14–CV–56–KS–MTP, 2014 WL 496334, at *2 (S.D. Miss. Oct. 3, 2014) (finding that plaintiff satisfied Rule 56(d)'s liberal standard).

---

[1] *See* JMAA's Supporting Memo, Doc. No. 280 at 4 n.8 (explaining roles that each subpoenaed legislator had in the passage of Senate Bill 2162).

[2] *See id.* at n.18 (identifying the connections of the Governor's staff members to Senate Bill 2162).

Moreover, the Governor cannot, in good faith, assert that JMAA has had an opportunity to obtain meaningful discovery to support its special law claim. While the parties have exchanged some written discovery, JMAA has not been allowed to take depositions beyond those of Rule 30(b)(6) representatives. "The Fifth Circuit has held it to be an abuse of discretion not to allow further discovery where discovery to date has been clearly inadequate and a continuance has been requested under a Rule 56[(d)] motion." *Travelers Property Cas. Co. of America v. Dillard's Inc.*, No. 2:07-CV-312-KS-MTP, 2008 WL 886099, at * 2 (S.D. Miss. Mar. 28, 2008) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355 (5th Cir. 1989)). And this Court has, on several occasions, granted Rule 56(d) relief where the parties have obtained only minimal discovery. *See Full House Resorts, Inc. v. Boggs & Poole Contracting Group*, Inc., No. 1:14-CV-223–KS–MTP, 2015 WL 1427284, at *14 (S.D. Miss. Mar. 27, 2015) (granting Rule 56(d) motion where parties had only exchanged written discovery, but had not taken depositions); *Stark*, 2013 WL 5563767, at *6 (denying motion for summary judgment without prejudice where "only a small portion of the discovery contemplated by the parties . . . ha[d] been completed"); *Wesley Health System, LLC v. Forrest Cty Bd. Of Sup'rs*, No. 2:12–CV–59–KS–MTP, 2013 WL 2244319, at *1-2 (S.D. Miss. May 21, 2013) (finding that it would be wiser to wait for the close of discovery before ruling on dispositive motions where there were ongoing discovery disputes and the parties had not taken Rule 30(b)(6) depositions). JMAA has satisfied its burden of establishing that additional discovery is needed to obtain specific facts.

II. **The requested discovery will likely influence the motion for summary judgment's outcome.**

JMAA has additionally demonstrated that the identified facts its seeks to recover through further discovery are relevant to its special law claim and the Governor's motion for summary judgment. Mississippi's prohibition on special legislation states the following:

> *No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law . . . ; nor shall the operation of any general law be suspended by the Legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted.*

Miss. Const. art. 4, § 87 (emphasis added).

The Governor's motion for summary judgment asserts that Senate Bill 2162 does not violate § 87 for the following reasons: (1) it is a general law, (2) it was not enacted to benefit private corporations or individuals, (3) Mississippi Code § 61-3-7 cannot be made applicable to accomplish Senate Bill 2162's legislative goals, and (4) Senate Bill 2162 is rationally related to a legitimate governmental purpose. *See generally* Doc. No. 269. JMAA's Rule 56(d) motion, in turn, requests additional discovery to determine who Senate Bill 2162 was intended to benefit, what are its legislative goals, and whether it is rationally related to a legitimate governmental purpose. The Governor, in arguing that these identified facts are not relevant to the special law claim, contradicts his own motion for summary judgment. JMAA addresses each of his arguments in turn.

### A. The Governor's motion for summary judgment does not present pure questions of law.

The Governor attempts to avoid necessary discovery on the special law claim by telling this Court that the motion for summary judgment turns on pure legal issues. *See* Doc. No. 307 at 10. Yet, the fact section of the motion's opening brief spans for 11 pages, six of which are dedicated to illustrating the Jackson Airport's economic impact on the state and its supposed "weaknesses". *See* Doc. No. 269 at 1-11. Significantly, the Governor relies on these purported facts to buttress his contention that Senate Bill 2162 is a general law that benefits the general public interest of the state. *Id.* at 12. Additional discovery is pertinent to the summary judgment motion for the reasons explained below.

5

Whether Senate Bill 2162 constitutes a special or local law cannot be characterized as a pure legal question. Indeed, the Governor's supporting summary judgment brief cites *Secretary of State v. Wisenberg*, 633 So. 2d 983, 994 (Miss. 1994) for the proposition that an "act's 'substance, rather than the form' determines whether it's 'general' or 'special.'" *See* Doc. No. 269 at 12. It also states that "[d]ifferent areas of the State have different needs," thus, "a general State problem, though confined to a specific geographical area, may require and benefit from State action, without the action violating the constitution." *Id.* at 12-13 (citing *Wisenberg*, 633 So. 2d at 995). This very argument highlights and concedes the factual inquiry that goes into determining Senate Bill 2162's general or special law status. The Governor cannot now get around this admission by arguing that his proffered factual support is "widely-known" and that discovery is irrelevant to determining Senate Bill 2162's general or special law status. *See* Doc. No. 307 at 11.

JMAA further directs this Court to the Governor's opening summary judgment brief, where he argues that even if Senate Bill 2162 is not a general law, it still does not violate § 87 because the constitutional provision only implicates legislation enacted to benefit private individuals or corporations. *See* Doc. No. 269 at 13-12. He then asserts that Senate Bill 2162 deals only with public entities and posits this as "a stand-alone reason to dismiss" the special law claim. *Id.* at 14. It is worth noting, however, that the Governor's factual support alluded to certain unidentified businesses that have a stake in the Jackson Airport's success. *See id.* at 4. The identity of these private businesses, as well as other intended beneficiaries, is pertinent to the Court's disposition of the summary judgment motion. There is a plausible basis for believing that the requested discovery will unveil such information.[3]

---

[3] To prevent JMAA from discovering facts regarding Senate 2162's intended beneficiaries, the Governor now argues that JMAA did not plead that the law was improperly enacted for the benefit of individuals or corporations. *See* Doc. No. 307 at 13. Federal Rule of Civil Procedure 8's liberal notice pleading standard requires only "a short

6

PD.23474917.1

JMAA next addresses the Governor's contention that Senate Bill 2162 is constitutional under § 87 so long as it is rationally related to a legitimate governmental purpose. The Governor says that discovery is not needed for the rational basis inquiry because it is satisfied whenever there is a conceivable legitimate purpose for the law. *See* Doc. No. 307 at 12.

Rational basis requires, however, that the legislature not act arbitrarily or capriciously when passing laws. *See Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 504 (5th Cir. 2004). The Governor's proffered basis for Senate Bill 2162's regulation of the Jackson Airport is that the Jackson Airport has a substantial economic impact on the state and services a large number of the state's citizens who depend on its success. Doc. No. 269 at 17-18. But so too does Mississippi's second largest commercial airport—Gulfport-Biloxi International Airport ("Gulfport-Biloxi Airport").

In 2013, the Jackson Airport had a total economic impact of $873,529,100 on the state; the Gulfport-Biloxi Airport followed with $429,281,800.[4] Though less than the Jackson Airport, the Gulfport-Biloxi Airport's influence on the state's economy can hardly be viewed as insubstantial. Where both of the airports generate millions of dollars for the state, the legislature's decision to enact a law solely targeting the Jackson Airport can only be explained as arbitrary.

---

and plain statement of the claim showing that the pleader is entitled to relief in order to 'give defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. 2011). It does "not require an inordinate amount of detail or precision." *Gilmore v. Miss. Coast Coliseum Com'n.*, No. 1:12–CV–183–HSO–RHW, 2013 WL 1194706, at *4 (S.D. Miss. Mar. 22, 2013). Count V of the complaint quoted § 87's full text, including the provision proscribing special laws enacted to benefit individuals. *See* Intervenors' Complaint, Doc. No. 42 at 35. It further stated that Senate Bill 2162 is an unconstitutional special law that specifically transfers control of the Jackson Airport from the "City of Jackson to a new authority controlled by the Governor," while affecting no other municipality or municipal airport authority in that manner. *Id*. The complaint provided enough factual allegations to support a § 87 claim that Senate Bill 2162 was enacted for the benefit of individuals or corporations. Furthermore, the Governor obviously had fair notice that JMAA was asserting such a claim because his motion for summary judgment argues that Senate Bill 2162 does not benefit *private* individuals or corporations. *See* Doc. No. 269 at 13-14; *see also Lanier v. University of Texas Southwestern Medical Center*, 527 F. App'x 312, 316 n.8 (5th Cir. 2013) ("[C]ourts may look to the pretrial conduct of parties to determine whether a defendant had notice [of a claim].").

[4] *See* 2013 Mississippi Economic Impact of Airports Study, *attached to Reply as* Exhibit A.

7

The Governor improperly relies on *Jackson Redevelopment Authority v. King, Inc.*, 364 So. 2d 1104, 1107-08 (Miss. 1978) to support his argument that Senate Bill 2162 is not unreasonable or arbitrary. In that case, the legislature enacted a law that allowed municipalities with a population of 100,000 or more to grant urban renewal agencies the authority to establish and construct city parking garages. *Id.* at 1106-07. The City of Jackson was the only municipality that fell within this category. *Id.* at 1107. The Mississippi Supreme Court held that the classification based on population size was not arbitrary because any municipality in the state could come within the law's purview and the classification was reasonably related to addressing the parking problems created by cities with large populations. *Id.* at 1108.

In contrast, Senate Bill 2162 does not create a general classification that can operate uniformly on every municipal airport authority in the state. It does not even seek to regulate every airport that has a substantial impact on the state's economy—which is the purported governmental purpose behind the law's enactment. The legislation could have been drafted in a manner that allowed the Gulfport-Biloxi Airport—with a $429,281,800 total state economic impact—to come within its scope. But it was not. It explicitly targets the Jackson Airport only. Its classification is arbitrary and further discovery is germane to demonstrating the absence of a rational basis for its enactment.

### B. Discovery of Senate Bill 2162's unidentified legislative goals is required before the Court can assess whether Miss. Code § 61-3-7 can be applied to accomplish them.

The Governor's opposition to the Rule 56(d) motion states in a conclusory fashion that Miss. Code § 61-3-1 cannot be applied to accomplish Senate Bill 2162's goal of creating a diversified governing structure for the Jackson Airport. *See* Doc. No. 307 at 14. Section 61-3-7 generally allows two or more municipalities to create a regional airport authority by consent with one commissioner appointed from each. The Governor fails to explain how a regional airport

authority created pursuant to § 61-3-7 would not diversify the Jackson Airport's governing structure.

Even worse is his suggestion that § 61-3-7 cannot address "the other legitimate legislative goals apparent from S.B. 2162's text." *Id.* The Governor and the text of Senate Bill 2162 leaves JMAA and the Court guessing what those insurmountable "other legitimate legislative goals are." Discovery of these goals is necessary before the Court can resolve whether § 61-3-7 can be made applicable to them.

**C.  Lastly, JMAA has not conceded that its special law claim asserts a pure legal issue.**

In a final effort to avoid the requested discovery, the Governor misrepresents JMAA's position regarding its special law claim. He insists that JMAA's motion for a preliminary injunction admitted that the claim was purely legal by arguing that Senate Bill 2162, on its face, violates § 87. *See* Doc. No. 307 at 14. But a law can be unconstitutional on its face and as applied. *See, e.g., Miss. Chemical Corp. v. Chemical Const. Corp.*, 444 F. Supp. 925, 937 (S.D. Miss. 1977) (concluding that state statute was unconstitutional on its face and as applied). A facially valid statute can also be rendered unconstitutional by evidence of improper motive or intent. *See Lewis v. Ascension Parish School Bd.*, 806 F.3d 344, 354 (5th Cir. 2015). JMAA's motion for a preliminary injunction merely highlighted the facial challenge to Senate Bill 2162 to show a likelihood of success on the merits. *See* JMAA's Preliminary Injunction Memo, Doc. No. 17 at 8. It did not concede that this was the only challenge.

Additionally, JMAA's motion to enforce the subpoenas propounded on the legislators did not admit that the evidence *only* related to the Equal Protection claim. In response to the legislator's contention that the requested information was not relevant to any claim, JMAA simply pointed out that evidence of the legislator's motive and intent was probative of the Equal

9

Protection claim. *See* Doc. No. 229 at 15. That was not to say, however, that the same evidence is not pertinent to the special law claim.

Despite the Governor's assertion, JMAA did not make this argument to side step the state law privilege defense. To be certain, federal law still governs the question of legislative privilege regarding evidence that is relevant to both federal and state law claims:

> In cases involving federal and state claims, when the requested evidence relates to both the state and federal claims and the privilege rules conflict, courts have generally applied federal privilege law. *See Pearson v. Miller,* 211 F.3d 57, 66 (3d Cir.2000) ("The problems associated with the application of two separate privilege rules in the same case are readily apparent, especially where, as here, the evidence in dispute is apparently relevant to both the state and the federal claims. This court has resolved this potential conflict in favor of federal privilege law...."); *Virmani v. Novant Health Inc.,* 259 F.3d 284, 287 n. 3 (4th Cir.2001) ("We agree with our sister circuits that in a case involving both federal and state law claims, the federal law of privilege applies."); *Hancock v. Dodson,* 958 F.2d 1367, 1373 (6th Cir.1992) (same); *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir.2005) ("Where there are federal question claims and pendent state law claims present, the federal law of privilege applies."); *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 141 (2d Cir.1987) (where evidence is relevant to both federal and state claims, federal privilege law applies); *Memorial Hosp. v. Shadur,* 664 F.2d 1058, 1061 & n. 3 (7th Cir.1981) (same). This is especially true where federal privilege law makes the evidence admissible and state law prevents admission.

*Porter v. Dauthier*, No. 14–41–JWD–RLB, 2014 WL 6674468, at *3 (M.D. La. Nov. 25, 2014). The Governor has pointed to nothing that forecloses JMAA's requested discovery.

## CONCLUSION

This Court should grant JMAA the relief sought in its Rule 56(d) motion. JMAA has demonstrated that, despite its diligent efforts to do so, it has been unable to obtain meaningful discovery to support its special law claim. Because the Governor and his allies in the legislature have obstructed JMAA's attempts to discover information relevant to the claim, the motion for summary judgment is premature. Moreover, JMAA has established a plausible belief that additional discovery will reveal specific facts that will influence the outcome of summary judgment. Nothing set forth in the Governor's opposition proves otherwise.

10

For the foregoing reasons, JMAA's motion to defer or deny ruling on the Governor's partial motion for summary judgment should be granted.

Dated: April 10, 2018.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: /s/ *Fred L. Banks, Jr.*
Fred L. Banks, Jr., Bar No. 1733
LaToya C. Merritt, Bar No. 100054
Nicholas F. Morisani, Bar No. 104970
Phelps Dunbar LLC
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Facsimile: (601) 360-9777
fred.banks@phelps.com
latoya.merritt@phelps.com
nick.morisani@phelps.com

John L. Walker, Bar No. 6883
Kevin B. Bass, Bar No. 103968
Walker Group, PC
1410 Livingston Lane, Suite A
Post Office Box 22849
Jackson, Mississippi 39225-2849
Telephone: (601) 948-4589
Facsimile: (601) 354-2507
jwalker@walkergrouppc.com
kbass@walkergrouppc.com

**Attorneys for the JMAA**

## **CERTIFICATE OF SERVICE**

I, *Fred L. Banks, Jr.*, certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system, which provides service of the foregoing to all counsel of record who have entered an appearance in this case as of the date below.

Date: April 10, 2018.

/s/ *Fred L. Banks, Jr.*
Fred L. Banks, Jr.
