# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **JACKSON MUNICIPAL AIRPORT AUTHORITY, ET AL.** | **PLAINTIFFS** |
| **V.** | **CAUSE NO. 3:16-CV-246-CWR-FKB** |
| **GOVERNOR PHIL BRYANT, ET AL.** | **DEFENDANTS** |

## ORDER

Constitutional litigation occasionally requires "discovery into the motives of the [government] officials" who caused the alleged violation. *Benisek v. Lamone*, No. 17-333, 2018 WL 3013808, at *2 (U.S. June 18, 2018) (per curiam). That can lead to "the assertion of legislative privilege by those officials" which, in turn, "delay[s] the completion of that discovery." *Id.*

*Benisek* is illustrative. In that case, plaintiffs alleged that Democrats redrew Maryland's congressional districts to favor Democrats and harm Republicans. The plaintiffs subpoenaed three of the most powerful Democrats in the state legislature to provide evidence on that claim. The legislators "produced [fewer] than 150 pages in total, and they asserted state legislative privilege as the basis for withholding 36 responsive documents." *Benisek v. Lamone*, 241 F. Supp. 3d 566, 572 (D. Md. 2017). The plaintiffs then sought to compel depositions and document production. The legislators claimed an absolute legislative privilege.

A three-judge district court rejected the legislators' argument. It held that "legislative privilege, like all evidentiary privileges, applies only to the very limited extent that a public good transcends the normally predominant principle of utilizing all rational means for ascertaining truth." *Id.* at 574 (quotation marks, citations, ellipses, and brackets omitted). The court ordered

the legislators to sit for depositions, produce legislator-legislator communications, and produce legislator-staff communications. *Id.* at 576-77.

As in *Benisek*, the plaintiffs in this case allege that legislative action violated the United States Constitution. The plaintiffs' subpoenas were met with claims of an absolute legislative privilege. The legislators further assert that they are exempt from having to create a privilege log that would enable the Court and the parties to assess the applicability of the privilege.

The Magistrate Judge conducted a thorough review of the law. He identified precedent holding that "the legislative privilege for state lawmakers is, at best, one which is qualified." *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quotation marks and citation omitted). "This privilege must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Id.*

The Magistrate Judge concluded that the state legislators subpoenaed in this action must create the customary privilege log. Once the privilege log is created and reviewed by all, the Magistrate Judge will adjudicate whether the plaintiffs can overcome the traditional privilege afforded to legislators' communications with other legislators and legislative staff. He then indicated that the legislators will likely have to produce their communications with non-legislative third parties, where the privilege was waived. *See, e.g.*, *League of Women Voters of Michigan v. Johnson*, No. 17-14148, 2018 WL 2335805, at *6 (E.D. Mich. May 23, 2018) ("Communications between legislators or staff members and third parties consulted during the redistricting process are not protected by the legislative privilege.").

The legislators timely objected. The Magistrate Judge's decision is reviewed *de novo*. *See Burgess v. Fed. Deposit Ins. Corp.*, 871 F.3d 297, 303 (5th Cir. 2017).

The legislators' principal argument is that they have an absolute right to be free from all discovery requests in federal court. This Court joins the Magistrate Judge in concluding that this argument is foreclosed by Fifth Circuit precedent.

In distinguishing the legislative privilege from legislative immunity, *Jefferson* held that the legislative privilege was, "at best," a "qualified" evidentiary privilege to be "strictly construed." 849 F.3d at 624. That is a straightforward rejection of an absolute privilege.[1]

The legislators contend that the discussion in *Jefferson* was dicta because the case was truly about legislative immunity. It is an appealing but unpersuasive contention. In *Jefferson*, the officials argued not only that they were immune, but *also* that "their reasons for passing the resolutions [were] privileged." 849 F.3d at 624. With the battle joined, the Fifth Circuit was free to adjudicate the dispute and hold that the privilege was qualified, not absolute.

Lastly, the legislators press that the Eleventh Circuit's decision in *In re Hubbard* is the correct statement of the law. *See* 803 F.3d 1298 (11th Cir. 2015). That too runs into difficulties. The *Jefferson* court was certainly aware of *Hubbard*—it had been advanced as a basis for reversal. *See* Reply Brief of Appellants, Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't, No. 16-30875, 2016 WL 6135217, at *6 (5th Cir. Oct. 18, 2016). The Fifth Circuit's reasoning, however, was contrary to *Hubbard*. *Hubbard* was never mentioned or cited. Perhaps

---

[1] The conclusion was buttressed by *Jefferson*'s citation to *Rodriguez v. Pataki*, a leading case holding that "notwithstanding their immunity from suit, legislators may, at times, be called upon to produce documents or testify at depositions." 280 F. Supp. 2d 89, 95 (S.D.N.Y. 2003); *e.g.*, *Angelicare, LLC v. St. Bernard Par.*, No. CV 17-7360, 2018 WL 1172947, at *8 (E.D. La. Mar. 6, 2018) (applying *Rodriguez*).

3

the Fifth Circuit was being polite to a coordinate court; we do not know.[2] But we do know what *Jefferson* says. It happens to cut against the legislators' arguments in this matter.

The Magistrate Judge's thorough opinion is a correct statement of Fifth Circuit law as it exists today. For sure, this Court cannot state with absolute certainty that the Magistrate Judge's ruling is *clearly erroneous* or *contrary to law*. *See* Fed. R. Civ. P. 72(a). The legislators have preserved their arguments for further review. In the interests of preserving the status quo pending the expected interlocutory appeal, the legislators will not have to comply with the Magistrate's opinion until the mandate issues from New Orleans or Washington, D.C.

For these reasons, the objection is overruled.

**SO ORDERED**, this the 25th day of June, 2018.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[2] The Magistrate Judge's opinion suggests that the Eleventh Circuit mistakenly conflated legislative privilege with legislative immunity.