IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **JEFFERY A. STALLWORTH** | **PLAINTIFF** |
| VS. | NO.: 3:16-cv-246-CWR-FKB |
| **GOVERNOR DEWEY PHILLIP "PHIL" BRYANT, ET AL.** | **DEFENDANTS** |
| and | |
| **TONY T. YARBER, Mayor of the City of Jackson, Mississippi, on behalf of the Citizens of the City of Jackson, et al.** | **PLAINTIFFS** |
| VS. | NO.: 3:16-cV-246-CWR-FKB |
| **PHIL BRYANT, in his official capacity as governor of the State of Mississippi, et al.** | **DEFENDANTS** |

## RESPONSE TO [334] OBJECTION

One thing is clear from the Governor's 23 page objection to the Magistrate Judge's 11 page Order granting in part the Governor's [261] Motion for Protective Order: the Governor disagrees with the Magistrate Judge. Rather than view the Magistrate Judge's [333] Order as a reasonable resolution of the parties' discovery dispute related to Plaintiffs' request to depose three members of his staff, the Governor argues that the Magistrate Judge got it all wrong to the extent he did not rule in the Governor's favor. The Governor posits the Magistrate Judge's decision to permit a narrow, restricted deposition of his Chief of Staff, Joey Songy, is contrary to law prohibiting depositions of high ranking government officials. Moreover, the Governor believes the Magistrate Judge's factual findings leading to his decision to

permit Plaintiffs to depose Songy and two other staffers, Bobby Morgan and Alice Perry, are clearly erroneous.

In reality, however, the Magistrate Judge thoroughly addressed and rejected the Governor's assertion that Songy should be exempt from deposition entirely. The Magistrate Judge correctly found that the facts and circumstances justify Songy's deposition, but that such deposition must take place under certain restrictions designed to accommodate Songy's busy schedule. The Magistrate Judge also carefully considered the facts surrounding the parties' dispute and found that the facts supported deposing Songy, Morgan, and Perry. The Governor's mere disagreement with the Magistrate Judge's ruling, no matter how adamant, is not enough to demonstrate that the Magistrate Judge's ruling is "clearly erroneous" or "contrary to law." Rather, the Magistrate Judge's ruling is legally correct, and the [334] Objection should be overruled.

## RELEVANT BACKGROUND

This case presents a constitutional challenge to 2016 Senate Bill 2162, a bill which purports to arbitrarily remove the Jackson Municipal Airport Authority and replace it with a new "metro" authority consisting of nine members, the majority of whom are selected directly or indirectly by the Governor.[1] During the course of discovery, the JMAA Plaintiffs deposed the Governor's office through his corporate representative, Drew Snyder, and as a result of the testimony obtained from the Governor's office, Plaintiffs sought to depose Songy, Morgan, and Perry.[2] The Governor objected to making these staffers available and moved for a protective

---

[1] *See generally* [42] Intervenor Compl.
[2] *See generally* [256] Memorandum in Support of Motion to Compel Depositions.

2

order to prevent their depositions, claiming most pertinently that Songy was a high ranking government official immune from deposition and that deposing Morgan and Perry would be cumulative of other evidence and would cast undue burden upon the Governor's office.[3]

On July 20, 2018, the Magistrate Judge issued an [333] Order denying in part the Governor's [261] Motion for Protective Order. Specifically, the Magistrate Judge found that although Songy could be considered a "high ranking official," "Plaintiffs met their burden of demonstrating the requisite exceptional circumstances for taking the deposition of Songy."[4] The Magistrate Judge, however, considered the potential burden to the Governor's office and Songy should he be deposed and substantially limited the deposition in terms of its duration (maximum of 2 hours), location (Songy gets to decide), and substantive scope (2 topics).[5] As to Morgan and Perry, the Magistrate Judge reasoned that the evidence indicated both staffers "have relevant information for purposes of [Rule] 26(b)(1), and [the] Governor [] has not shown that taking their depositions would be disproportionate to the needs of the case."[6] The Magistrate Judge concluded by pointing out that the depositions of Morgan and Perry would be neither duplicative nor unduly burdensome but would "provide Plaintiffs the opportunity to conduct discovery from the Governor's Office employees who actually have personal knowledge of certain relevant information."[7]

---

[3] *See generally* [261] Motion for Protective Order.
[4] [333] Order at 4-8.
[5] [333] Order at 7-8.
[6] [333] Order at 10.
[7] [333] Order at 11.

On August 3, 2018, the Governor objected to the Magistrate Judge's decision, claiming various portions of the Magistrate Judge's decision were either contrary to law or clearly erroneous.  Arguing that the Magistrate Judge "took a wrong turn" by "reducing JMAA's [*sic*] burden of proof to a mere showing that" Songy had firsthand knowledge related to the claims in this case that no other person could provide, the Governor contends that the Magistrate Judge's decision is contrary to law because he misapplied "the appropriate proof standard" in three ways.[8]  "[T]o make matters worse," the Governor argues,  the Magistrate Judge's "factual findings were clearly erroneous" as to Songy's firsthand knowledge, and the Governor quibbles that the Magistrate Judge "should have" granted in its entirety his request for a protective order as to Songy.[9]  The Governor's objection ends by arguing that the Magistrate Judge's fact-finding leading to his decision to permit the deposition of Morgan and Perry is clearly erroneous.

LEGAL STANDARD

When, as here, a party appeals a nondispositive order of the Magistrate Judge, the District Judge will set it aside or modify it only if the order is "clearly erroneous" or "contrary to law." *See Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993).  "This standard is highly deferential, and the court will not overturn the Magistrate Judge's order unless it is clear that a mistake has been committed." *See Cruz v. Miss. Dep't of Human Serv.*, 9 F. Supp. 3d 668, 688 (S.D. Miss. 2014) (citing C*ollett v. Socialist Peoples' Libyan Arab Jamahiriya*, 448 F. Supp. 2d 92, 95 (D. D.C. 2006)).  Moreover, parties forfeit arguments not presented

---

[8] [334] Objection 6-9.
[9] [334] Objection 10-18.

to the Magistrate Judge for consideration in the first instance. *See, e.g., Arnold v. Sotz*, 2006 WL 2792749, *2 (E.D. N.Y. 2006) ("Since this argument was not before Magistrate Judge Lindsay, the Court need not consider it."); *Wells Fargo Bank N.A. v. Sinnott*, 2010 WL 297830, *2-5 (D. Vt. 2010) (refusing to consider new argument on appeal of magistrate judge's report and recommendation).

LEGAL ARGUMENT

Nothing about the Magistrate Judge's ruling is "clearly erroneous" or "contrary to law." In fact, the Magistrate Judge provided the Governor with a portion of the relief he sought and, with respect to Songy, prohibited the type and length of deposition that the Plaintiffs otherwise would have been entitled to conduct under the governing procedural rules. It frankly is surprising that the Governor feels aggrieved by the Magistrate Judge's order. Be that as it may, the Governor's objection does not come close to satisfying the "highly deferential" standard that is applicable here. *See Cruz*, 9 F. Supp. 3d at 688.

**The Magistrate Judge's legal conclusions**. Insofar as the Governor contends the Magistrate Judge's decision was contrary to law, the focus of the Governor's argument is limited to Plaintiffs' efforts to take Songy's deposition. The Governor posits three reasons for his contention that the Magistrate Judge's legal reasoning is contrary to law. Namely, the Governor argues that the Magistrate Judge "did not apply the heightened relevance standard[,]" that the Magistrate Judge employed a "relaxed methodology" that did not sufficiently require—in the Governor's view—Plaintiffs to prove they seek essential information that cannot

reasonably be obtained from other sources, and that the Magistrate Judge did not consider or require "less burdensome means."

This third gripe falls well short of the deferential "contrary to law" standard. The Magistrate Judge's decision considered and implemented measures to make Songy's depositions "less burdensome:" the Magistrate Judge substantially limited the deposition in terms of its duration (maximum of 2 hours), location (Songy gets to decide), and substantive scope (2 topics).[10] While these measures may not lessen the purported burden sufficiently in the Governor's view, that does not render the Magistrate Judge's decision "contrary to law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) ("A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.").

The Governor's complaint that the Magistrate Judge "did not apply the heightened relevance standard[,]" fairs no better. The Governor's reliance on *In re F.D.I.C.* to make this argument is odd; that case says nothing about a "heightened relevance standard" and stands for nothing more than the proposition that a district court must conduct the very same analysis the Magistrate Judge conducted in this case. *See* 58 F.3d 1055, 1060-62 (5th Cir. 1995).

In *F.D.I.C.,* the Fifth Circuit granted a mandamus petition and quashed deposition notices for three members of the FDIC's board of directors. *Id.* at 1062. The Fifth Circuit noted it was doing so because "the magistrate judge apparently made no attempt to find exceptional circumstances before rejecting the FDIC's motion to quash[,]" and "it [did] not appear that the magistrate judge considered the

---

[10] [333] Order at 7-8.

high-ranking status of the deponents, the potential burden that the depositions would impose on them, or the substantive reasons for taking the depositions." *Id.* at 1060. Rather than bolstering the Governor's objection, *F.D.I.C.* supports finding the Magistrate Judge's decision was not contrary to law.

Moreover, neither *F.D.I.C.* nor any other Fifth Circuit case cited by the Governor includes the "essential to the case at hand" requirement urged by the Governor. In fact, one district court sitting within the Fifth Circuit finds that *F.D.I.C.* only requires that "in evaluating whether extraordinary circumstances exist the court should consider 'the high-ranking status of the deponents, the potential burden that the deposition would impose upon them, [and] the substantive reasons for taking the deposition.'" *Freedom From Religion Found., Inc. v. Abbott*, No. A-16-CA-233-SS, 2017 WL 4582804, at *11 (W.D. Tex. Oct. 13, 2017), appeal dismissed, No. 17-50956, 2018 WL 1989629 (5th Cir. Mar. 14, 2018) (quoting *In re F.D.I.C.*, 58, F.3d at 1060). In addition to the fact this is precisely what the Magistrate Judge did here, the absence of any authority from within the Fifth Circuit requiring Plaintiffs to show somehow that testimony they have yet to obtain from Songy is "essential to the case at hand" means the Magistrate Judge's decision cannot be considered "contrary to law" on that basis.

Even if, however, the "essential to the case at hand" requirement urged by the Governor were to apply within the Fifth Circuit, the Magistrate Judge's decision plainly demonstrates the essential nature of Songy's expected testimony. As the

7

Eighth Circuit puts it,[11] a party seeking to depose high ranking government officials must show the officials "possess information essential to [the party's] case which is not obtainable from another source. . . . This means both that the discovery sought is ***relevant and necessary*** and that it cannot otherwise be obtained." *In re U.S.*, 197 F.3d 310, 314 (8th Cir. 1999) (citations omitted) (emphasis added).[12]  The relevance and necessity to Plaintiffs' claims of obtaining Songy's testimony is repeatedly highlighted by the Magistrate Judge.[13]

As to the Governor's second contention, that the Magistrate Judge "diminished" Plaintiffs' obligation to prove the information they seek from Songy cannot reasonably be obtained from other sources, this contention fails all the same. The Governor claims "[a] party seeking a high-ranking official's testimony must establish ***no other possible source*** is available."[14]  The Governor, of course, does not suggest how this exacting standard could ever be satisfied.  And, the Governor never presented to the Magistrate Judge any argument regarding this purported standard, and thus he should not be permitted to beef up his "other source" argument with it now.  *See Wells Fargo Bank N.A.*, 2010 WL 297830 at *2-5.

---

[11] The Eighth Circuit was the only federal circuit which research revealed included the "essential to the case at hand" requirement urged by the Governor.

[12] One of the cases cited by the Eighth Circuit here is the Fifth Circuit's decision in *F.D.I.C.* As noted above, *F.D.I.C.* does not include the "essential to the case at hand" requirement urged by the Governor.

[13] *See, e.g.*, [333] Order at 5 (noting that Songy was the first member of the Governor's office to conceptualize the idea of taking control of Jackson-Medgar Evers Airport); 5-6 (pointing to testimony from the Governor's office that Songy discussed the Jackson-Medgar Evers Airport's control with Mississippi State Senator Josh Harkins, the author of the senate bill at the center of this case); and 6 (observing that testimony from the Governor's office revealed Songy may have met with the Chairman of the Mississippi House Ports, Harbors, and Airports Committee, to which the senate bill in this case was referred).

[14] [334] Objection 8 (citing *Holder*, 197 F.3d at 314 and *City of Ft. Lauderdale v. Scott*, 2012 WL 760743, at *4 (S.D. Fla. Mar. 7, 2012)) (emphasis added).

8

Consequently, the Governor has failed to meet his burden of establishing that the Magistrate Judge's legal conclusions related to Songy's deposition were "contrary to law."

**The Magistrate Judge's factual findings**. Unlike his challenge to the Magistrate Judge's legal conclusions, the Governor's challenge to the Magistrate Judge's factual findings attacks the findings related to all three deponents. However, the substance of the Governor's challenge is that the Magistrate Judge simply reached the wrong factual conclusion. This, of course, does not demonstrate that the Magistrate Judge's findings were clearly erroneous.

*Songy's deposition*. The Governor's objection related to need for Songy's deposition quibbles with the correctness of the Magistrate Judge's factual findings.[15] A "ruling of a magistrate judge on a non-dispositive order is reviewed under a most deferential standard[,]" and merely disagreeing with a magistrate judge's findings falls short of "provid[ing] a convincing argument that the Magistrate Judge's ruling is clearly erroneous . . . ." *Vineyard Dev. Co. v. Rogers*, No. 3:96-cv-804, 1997 WL 450052, at *2 (S.D. Miss. Aug. 5, 1997). The Governor's objection essentially uses his self-serving view of the evidence marshalled by the Magistrate Judge to argue that the latter's factual findings are clearly erroneous.

This tactic, however, is woefully insufficient to overcome the deference owed the Magistrate Judge. Take, for example, the Governor's grumble related to the Magistrate Judge's discussion of communications between Songy and Mississippi State Senator Josh Harkins, Mississippi State Representative Alex Monsour, or

---

[15] Objection 12 ("None of the communications issues justifies compelling Chief of Staff Songy to testify.").

other legislators.[16]  The Governor downplays any and all communications Songy may have had with such individuals, and concludes by suggesting Plaintiffs "can easily . . . obtain[ information regarding these communications] from other sources . . . ."[17]  Since March 7, 2017, Plaintiffs have tried to obtain information from various Mississippi legislators, but Plaintiffs' efforts have been stymied by opposition at every turn, and the Magistrate Judge is very familiar with this history.  The Magistrate Judge accounted for this fact in explaining why Songy's deposition was necessary,[18] and his doing so cannot be considered "clearly erroneous."  *Paul Rock Produced, LLC v. Evergreen Media Holdings, LLC*, No. CV-214499-FTM-PAM-MRM, 2018 WL 1858198, at *1 (M.D. Fla. Feb. 22, 2018) (observing that where "[t]he parties have a long and contentious discovery history" and the magistrate judge "has been involved in all aspects" of that history, the magistrate judge "is in a unique position to determine the merits of" particular disputes and "it is not clearly erroneous for a [m]agistrate [j]udge to fail to adopt one parties' view of the proceedings").

<u>Depositions of Morgan and Perry</u>.  The Governor's objection as to Morgan and Perry's depositions fails to establish that the Magistrate Judge's decision to permit their depositions is "clearly erroneous."  Neither Morgan nor Perry can rely on "high ranking official" status to dodge their depositions.  Instead, both are subject to the analysis under Rule 26, which analysis the Magistrate Judge aptly indicated

---

[16] [334] Objection 12-15.
[17] [334] Objection 18.
[18] *See, e.g.*, [333] Order 7.

presents a more demanding path for them to navigate.[19] In the face of this more demanding path, the Governor's objection offers nothing more than his disagreement with the Magistrate Judge, fueling that disagreement with the self-serving statements of Morgan and Perry that they have nothing to add,[20] and in the case of Morgan,[21] a conclusory claim of undue burden.[22] Cutting against this weak proffer is the objection's failure to reconcile with the fact that both Morgan and Perry were identified by the Governor's ill-conceived, open-ended "disclosures" as being persons with discoverable knowledge. At bottom, the Governor's objection—which is nothing more than his subjective disagreement with the Magistrate Judge's findings—falls well short of the highly deferential standard applicable to review of the Magistrate Judge's decision. *See Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) ("[D]isagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.").

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's [333] Order on the Governor's Motion for Protective Order should be affirmed.

---

[19] *See* [333] Order at 8-9 (noting "[i]t is very unusual for a court to prohibit the taking of a deposition altogether" and that parties "seeking a protective order to prevent or postpone a deposition must show good cause and the specific need for protection").

[20] [334] Objection at 19, 20.

[21] The Governor concedes that Perry's current status—retirement—"mitigates" the alleged undue burden previously claimed for her. [334] Objection at 19.

[22] [334] Objection at 21-22.

Dated: August 17, 2018.

                      Respectfully submitted,

BY:  */s/ Fred L. Banks, Jr.*
       Fred Banks, Jr., Bar No. 1733
       LaToya C. Merritt, Bar No. 100054
       Nicholas F. Morisani, Bar No. 104970
       Phelps Dunbar LLC
       4270 I-55 North
       Jackson, Mississippi 39211-6391
       Post Office Box 16114
       Jackson, Mississippi 39236-6114
       Telephone: (601) 352-2300
       Facsimile: (601) 360-9777
       fred.banks@phelps.com
       latoya.merritt@phelps.com
       nick.morisani@phelps.com

       John L. Walker, Bar No. 6883
       Kevin B. Bass, Bar No. 103968
       Walker Group, PC
       1410 Livingston Lane, Suite A
       Post Office Box 22849
       Jackson, Mississippi 39225-2849
       Telephone: (601) 948-4589
       Facsimile: (601) 354-2507
       jwalker@walkergrouppc.com
       kbass@walkergrouppc.com

**Attorneys for the Jackson Municipal Airport Authority**

By:  s/ *Tylvester Goss*
       Tylvester Goss, Bar No. 4920
       Goss & Williams, PLLC
       1441 Lakeover Road
       Jackson, Mississippi 39206
       Telephone: (601) 981-2800
       Facsimile: (601) 981-7979
       tgoss@dgwlaw.com

**Attorney for Dr. Rosie L. T. Pridgen, LaWanda D. Harris, Vernon W. Hartley Sr., and Evelyn O. Reed, each individually as citizens of the City of Jackson, Mississippi**

By: s/ *James L. Henley, Jr.*
James L. Henley, Jr.
4860 North State Street
P. O. Box 31464
Jackson, Mississippi 39286-1464
Telephone: (601) 519-2393
jh819@aol.com

**Proceeding Pro Se, individually as a citizen of the City of Jackson, Mississippi**

## **CERTIFICATE OF SERVICE**

I, *Fred L. Banks, Jr.*, certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system, which provides service of the foregoing to all counsel of record who have entered an appearance in this case as of the date below.

Date: August 17, 2018.

>/s/ *Fred L. Banks, Jr.*
>Fred L. Banks, Jr.