IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **JACKSON MUNICIPAL AIRPORT AUTHORITY, ET AL.** | **PLAINTIFFS** |
| **V.** | **CAUSE NO. 3:16-CV-246-CWR-FKB** |
| **GOVERNOR PHIL BRYANT, ET AL.** | **DEFENDANTS** |

**ORDER**

After considering extensive briefing, the Magistrate Judge ruled that the plaintiffs may depose three members of the Governor's staff who possess firsthand knowledge about the legislation at the heart of this lawsuit.[1] The Governor now objects to that discovery order.

He first argues that the Magistrate Judge applied the wrong law. The discovery order used a "lightweight relevance inquiry," the Governor claims, rather than "the heightened relevance standard that case law prescribes." A cursory review of the order reveals otherwise. The Magistrate applied the exact legal standard from the exact case the Governor advances—in which the court considers, among other things, "the high-ranking status of the deponent[], the potential burden that the deposition[] would impose upon [him], [and] the substantive reasons for taking the deposition[]." *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995).

The Governor then contends that the Magistrate "overlooked" whether there were less burdensome means of obtaining the information the plaintiffs seek from Mr. Songy. But the Magistrate explained in detail how the less burdensome method the parties first utilized—a Rule 30(b)(6) deposition—proved ineffective when the Governor's designee answered the plaintiffs' questions about Mr. Songy's actions with "I don't know," "I don't recall," and "I can't say with

---

[1] One of these individuals retired after the briefing closed.

certainty," before declining "to speculate for [Songy]."[2] The Magistrate fairly concluded that "the designee simply lacked knowledge sufficient to provide the information." Given the Magistrate's familiarity with the parties' various discovery efforts, the undersigned cannot say that the Magistrate's remedy, as tempered with accommodations for Mr. Songy's position, constituted error.

The Governor then takes aim at "clearly erroneous" factual findings. "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Am. Cancer Soc. v. Cook*, 675 F.3d 524, 528 (5th Cir. 2012) (quotation marks and citation omitted). The Governor says the Magistrate "paid no attention to the . . . record evidence on point." He claims that the Magistrate casually "brushed aside" other evidence. He presses that deposing a non-high-ranking policy advisor would impose an "undue burden." If true, these allegations would suggest concerning (and uncharacteristic) behavior on the part of the Magistrate. So it comes as a relief that they are not borne out by the record.

More to the point, the Magistrate identified the correct law, applied the record evidence carefully, and ordered no more than what the law and facts required. Accordingly, the discovery order is affirmed.

**SO ORDERED**, this the 10th day of September, 2018.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[2] Some of these answers concerned communications between the Governor's Chief of Staff [Songy] and Katie Snell, an attorney who has entered her appearance in this case as counsel for the Madison County Board of Supervisors.