IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHOKWE ANTAR LUMUMBA, et al.**                      **PLAINTIFFS**

**VS.**            **CIVIL ACTION NO. 3:16CV246-CWR-ASH**

**TATE REEVES, et al.**                   **DEFENDANTS**

### THE STATE DEFENDANTS' RESPONSE TO MOTION TO SUBSTITUTE JACKSON'S CURRENT OFFICEHOLDER PLAINTIFFS

Defendants Tate Reeves, in his official capacity as Governor of the State of Mississippi, and Delbert Hosemann, in his official capacity as Lt. Governor of the State of Mississippi, respond as follows to the motion to substitute plaintiffs filed by the "City of Jackson Officeholders" [Dkt. 523]:

1. The officeholders' substitution motion seeks to join as named plaintiffs in the second amended complaint John Horhn, Tina Clay, Lashia Brown-Thomas, and Kevin Parkinson, in their "official capacities and individually as citizens and taxpayers of the City of Jackson" (Dkt. 523 at 3) and to dismiss Chokwe Antar Lumumba, Angelique Lee, and Aaron Burks as named plaintiffs because they "are no longer elected City officeholders" (Dkt. 523 at 3-4).[1] The motion further represents that the adding/dropping of these persons "will not delay the litigation" and "will only substitute names of new elected officials" in the second amended complaint. Dkt. 523 at 4.

---

[1] The motion does not (expressly) seek to dismiss named plaintiff Virgi Lindsay, who is a named plaintiff in the second amended complaint and apparently also now a former officeholder.

1

2. The state defendants do not object to the relief sought by the movants that would effectuate a substitution of current city officeholders as named "official capacity" plaintiffs in place of former officials who no longer hold those city offices. *See* Dkt. 523 at 3-4. That substitution automatically and already occurred when the new officeholders took office. *See* Fed. R. Civ. P. 25(d) ("when a public officer who is a party in an official capacity … ceases to hold office while the action is pending" that "officer's successor is automatically substituted as a party"). And substituting the names of current officeholders for former officeholders is ultimately immaterial here—no matter who or how many city officeholders are named in the second amended complaint as plaintiffs asserting "official capacity" claims, such claims are the claims of the City of Jackson itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity … [i]t is not a suit against the official personally, for the real party in interest is the entity") (internal citation and emphasis omitted).

3. The state defendants do not object to full dismissal of the claims brought by named plaintiffs and former officeholders Lumumba, Lee, and Banks in their "official capacities and individually as citizens and taxpayers of the City of Jackson." *See* Dkt. 523 at 4. Those plaintiffs lost their claimed authority to assert any "official capacity" claims when they left office. And the state defendants do not object to dismissal of any purported "individual" claims of those persons.

4. The state defendants object to an amendment of the second amended complaint that would add John Horhn, Tina Clay, Lashia Brown-Thomas, and Kevin

Parkinson as named plaintiffs, to the extent that such addition would allow those individuals to press any claims "individually as citizens and taxpayers of the City of Jackson." Dkt. 523 at 3. Adding those individuals to the second amended complaint as named plaintiffs in their "individual capacity" amends that operative pleading. Such an amendment requires plaintiffs to satisfy Rule 15(a). Under those rules, federal courts may deny a motion for leave to amend when, among other things, the amendment would be futile. *See, e.g., Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Proposed new plaintiffs Horhn, Clay, Brown-Thomas, and Parkinson (and all the current named plaintiffs) lack standing to press any "individual capacity" claims pled in the second amended complaint. *See, e.g.*, Dkt. 388 at 10-11, 13; Dkt. 465 at 2-3; Dkt. 476 at 5-9; Dkt. 495 at 5-10.

FOR THESE REASONS, the Court should grant the city officeholders' requests to substitute John Horhn, Tina Clay, Lashia Brown-Thomas, and Kevin Parkinson as named "official capacity" plaintiffs for their respective offices and to dismiss Chokwe Antar Lumumba, Angelique Lee, and Aaron Burks as named plaintiffs in any and every capacity. The Court should deny the city officeholders' request to add John Horhn, Tina Clay, Lashia Brown-Thomas, and Kevin Parkinson as named plaintiffs in the second amended complaint for claims asserted by them "individually as citizens and taxpayers of the City of Jackson."

Dated: September 17, 2025

Respectfully submitted,

GOVERNOR TATE REEVES, in his official capacity, and LT. GOVERNOR DELBERT HOSEMANN, in his official capacity

LYNN FITCH,
ATTORNEY GENERAL

Justin L. Matheny (Bar No. 100754)
  Deputy Solicitor General
John P. Sneed (Bar No. 7652)
  Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3680
justin.matheny@ago.ms.gov
john.sneed@ago.ms.gov

*Counsel for Governor Tate Reeves and Lt. Governor Delbert Hosemann*

P. Ryan Beckett (Bar No. 99524)
Phil B. Abernethy (Bar No. 1023)
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone: (601) 948-5711
ryan.beckett@butlersnow.com
phil.abernethy@butlersnow.com

*Counsel for Governor Tate Reeves*