UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHOKWE ANTAR LUMUMBA, ET AL.                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:16-CV-246-CWR-ASH

TATE REEVES, ET AL.                                                        DEFENDANTS

ORDER

Defendants Tate Reeves and Delbert Hosemann have filed a motion for a bench trial on all issues. Mot. [520]. Defendant Rankin County, Mississippi, joins in the motion. Joinder [522]. No party responded in opposition, and the time to do so under the Local Rules has now expired. As explained below, Reeves and Hosemann's motion is granted.

I.      Facts and Procedural History

"Pursuant to state law, the City of Jackson created the Jackson Municipal Airport Authority ('JMAA') in 1960 to manage and operate the capital city's airport." Fifth Circuit Op. [495] at 2. In 2016, then Governor Phil Bryant signed into law S.B. 2162, now codified at Mississippi Code section 61-3-6. That statue "abolished the JMAA and created the Jackson Metropolitan Area Airport Authority ('Authority')," *id.*, to "manage, control and enforce all necessary and beneficial matters pertaining to the operation of the Jackson-Medgar Wiley Evers International Airport," Miss. Code Ann. § 61-3-6(1).

Former JMAA Commissioner Jeffrey A. Stallworth filed this lawsuit challenging S.B. 2162 on April 6, 2016. His Complaint alleged violations of the Fifth and Fourteenth Amendments ands state-law claims for breach of fiduciary duty and breach of the covenant of good faith and fair dealing. Stallworth requested a jury trial and sought declaratory and

injunctive relief as well as "damages in an amount to be determined just and adequate." Compl. [1] at 5.

In July 2016, the Court allowed the JMAA, its board members, and Jackson's mayor and city councilmembers to intervene as Plaintiffs. Order [40]. Intervenor Plaintiffs filed their Complaint on July 29, 2016. Intervenor Plaintiffs' Complaint did not contain a jury demand and sought only declaratory and injunctive relief. *See* Intervenor Compl. [42]. On August 18, 2016, Judge Reeves dismissed all of Stallworth's claims. Order [46]. The operative pleading—Intervenor Plaintiffs' Second Amended Complaint—was filed on June 17, 2024. Like the previous pleadings filed by Intervenor Plaintiffs, the Second Amended Complaint contains no jury demand and seeks only declaratory and injunctive relief. *See* 2d Am. Intervenor Compl. [473].

The case is now set for trial during a two-week term of Court beginning on June 15, 2026. Because "a jury trial [was] demanded," the case is "designated on the docket as a jury action," Fed. R. Civ. P. 39(a), so the Court's June 20, 2025 Scheduling Order set the case for a jury trial "pending any motion on this issue," Order [515] at 2. On September 2, 2025, Hosemann and Reeves filed their motion seeking a bench trial; no party responded in opposition.

II.   Discussion

Federal Rule of Civil Procedure 39(a) provides that "[w]hen a jury trial has been demanded under Rule 38, the action *must* be designated on the docket as a jury action." (Emphasis added.) "The rule is indifferent to the party making the demand. Once one party has made a jury demand, no other party need make a second demand for the action to be designated 'jury action' and in order to preserve its jury trial right." *Huang v. Shanghai City Corp.*, No. 19-CV-7702, 2022 WL 2306870, at *3 (S.D.N.Y. June 27, 2022); *see Allstate Ins. Co. v.*

*Community Health Ctr., Inc.*, 605 F. App'x 269, 271 (5th Cir. 2015) ("Community requested a jury in its answer to the complaint, and Allstate was entitled to rely on Community's request."). This is so even when the sole party making the jury demand is dismissed from the case. *Huang*, 2022 WL 2306870, at *4 (citing 8 Moore's Fed. Prac. § 38.52[2][c][i]). The Court concludes that Stallworth's dismissal from the case did not automatically remove the designation as a jury action.[1]

> Instead, under Rule 39(a),
>
>> [t]he trial on all issues so demanded must be by jury unless:
>>
>> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>>
>> (2) the court, on motion or on its own, finds that on some or all of the issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a). Subsection (1) is not implicated, so the Court considers whether Intervenor Plaintiffs have a "federal right to a jury trial" on their claims. *Id.* They don't.

"The Seventh Amendment provides that, '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . .'" *Tull v. United States*, 481 U.S. 412, 417 (1987) (quoting U.S. Const. amend. VII). According to the Supreme Court, "[i]t is settled law that the Seventh Amendment does not apply" to "suits seeking only injunctive relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (citing *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. (3 Pet.) 433, 447 (1830)). Intervenor Plaintiffs seek only declaratory and injunctive relief, so they have no federal right to a jury trial.

---

[1] Reeves and Hosemann mention waiver in passing in their motion, but their argument fails to address whether Intervenor Plaintiffs waived reliance on Stallworth's demand. The Court declines to wade into this issue on an undeveloped record.

III.     Conclusion

Because Intervenor Plaintiffs have no federal right to a jury trial, the motion for a bench trial is granted. The Court will reset this matter for a bench-trial setting in a separate docket entry to follow.

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
