**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CHOKWE ANTAR LUMUMBA, et al.**                                **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO. 3:16-CV-246-CWR-ASH**

**TATE REEVES, et al.**                                **DEFENDANTS**

**GOVERNOR TATE REEVES' AND LIEUTENANT GOVERNOR**
**DELBERT HOSEMANN'S MEMORANDUM IN SUPPORT OF**
**OMNIBUS MOTION IN LIMINE**

Defendants Tate Reeves and Delbert Hosemann, in their official capacities as Governor and Lt. Governor, respectively, submit this Memorandum in Support of their Omnibus Motion in Limine.

## I.      INTRODUCTION

This bench trial will turn on a narrow set of live claims and the scope of admissible evidence should be appropriately tailored. Accordingly, the defendants respectfully request targeted rulings in limine to (1) prevent the use of inflammatory and misleading characterizations; and (2) keep the case focused on the claims that remain after prior dispositive rulings from the Court. These rulings will streamline the trial, avoid side litigation, and help ensure that the Court's findings rest on record evidence and applicable law.

## II.      LEGAL STANDARD

The Federal Rules of Evidence govern the admission of relevant evidence. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of" unfair prejudice,

confusing the issues, and misleading the jury, among other things. Fed. R. Evid. 403. Where the challenged proof depends on witness testimony, the proponent must also satisfy the requirements governing that testimony. A witness may testify only from personal knowledge. *See* Fed. R. Evid. 602. Lay opinion testimony is admissible only if it is rationally based on the witness's perception, helpful to the factfinder, and not based on specialized knowledge. *See* Fed. R. Evid. 701. The trial court must determine whether evidence is admissible, and it has broad discretion in making that determination. *See* Fed. R. Evid. 104(a); *United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013).

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 83 L. Ed. 2d 443 (1984). The Court may exclude evidence in a bench trial that is irrelevant, cumulative, confusing, or that would cause needless consumption of time "in order to streamline issues for trial." *Bailey v. Bd. of Comm. of La. Stadium and Exposition Dist.*, No. 18-5888, 2020 WL 6949001, at *5 (E.D. La. Mar. 2, 2020).

### III.    ARGUMENT

A.    **Motion in Limine No. 1: The Court should preclude use of the media label "Airport Takeover" as a substitute for record-accurate terminology referencing Senate Bill 2162.**

The term "Airport Takeover" is a media-created epithet—not a term in S.B. 2162 or its codification—that functions as an argumentative characterization rather than evidence. The operative complaint itself demonstrates the term's provenance by citing it as a newspaper headline. *See* Dkt. 473 at ¶ 67 & n.35. Use of this loaded label in witness examinations, openings, or closings risks confusing the issues and substituting rhetoric for admissible proof. Fed. R. Evid. 401–403. That phrase is not the title of the statute, and it is not an element of any remaining claims. Instead, it is editorial shorthand that embeds a conclusion (that the Legislature "took over" something

2

wrongfully) into the label itself. Permitting counsel and witnesses to use loaded characterizations as a substitute for neutral, record-accurate terminology risks shifting the focus away from admissible evidence and toward trial by insinuation.

The Court has ample authority to police this kind of rhetoric. Under Rules 401 and 402, a media label does not make any fact of consequence more or less probable. And under Rule 403, the Court may exclude presentations that risk confusing the issues or wasting time. *See* Fed. R. Evid. 401-403; *Dial One of the Mid-South, Inc. v. BellSouth Telecomms., Inc.*, 269 F.3d 523, 528 (5th Cir. 2001) (affirming district court's discretion to rule on evidentiary issues in limine). Rule 611(a) likewise empowers the Court to control the "mode and order" of presenting evidence so as to make procedures effective for determining the truth and to avoid wasting time. Fed. R. Evid. 611(a).

Courts in this District routinely prohibit inflammatory labels untethered to live claims or admissible evidence. For example, where fraud claims were dismissed, this Court held that "references to fraud are irrelevant," and any marginal probative value was "substantially outweighed" by the risk of prejudice and confusion. *Fowler v. State Farm Fire & Cas. Co.*, No. 1:06-CV-489-HSO-RHW, 2008 WL 3050417, at *7 (S.D. Miss. July 25, 2008) (citing Fed. R. Evid. 401–403). The same principle applies here: "Airport Takeover" is a conclusion masquerading as a fact.

The defendants therefore request an order prohibiting Plaintiffs, counsel, and witnesses from referring to the statute or events in this case as an "Airport Takeover" (or variants such as "Jackson Airport Takeover"), as well as requiring that references be made using neutral identifiers such as "Senate Bill 2162," "the 2016 Act," or "the statute." To the extent any party seeks to introduce a particular media article or third-party statement using that term, the Court may address

admissibility including hearsay, relevance, and Rule 403 concerns and any appropriate limitation in context upon a proffer.

**B.    Motion in Limine No. 2: No mention of dismissed claims or evidence/arguments offered solely to support dismissed claims**

The Court has already dismissed multiple claims and theories, narrowing the issues for trial. Evidence offered solely to prove dismissed claims is irrelevant under Rule 401 and inadmissible under Rule 402. Even where marginal relevance could be claimed, Rule 403 authorizes exclusion because trying dismissed theories would confuse the issues, invite minitrials on matters no longer in the case, and needlessly consume trial time. The Court has confirmed that "previously-dismissed counts remain dismissed." Dkt. 230; Dkt. 511 at 3 n.1. The Court also dismissed the federal due process claim. Dkt. 511 at 8. It is therefore appropriate to exclude evidence related to all dismissed claims.

This approach is firmly grounded in Fifth Circuit practice and is routinely applied by courts in this Circuit. *See Ecodyne*, 635 F.2d at 519. District courts in Mississippi likewise grant motions in limine to prevent parties from presenting evidence and argument directed to claims that have been dismissed or conceded. *See Johnson v. Watkins*, No. 3:07-cv-621-DPJ-JCS, 2010 WL 2671993, at *5 (S.D. Miss. June 30, 2010) (excluding "specifics" of dismissed claims because they were "not relevant" and would invite "unfair prejudice, delay, and confusion"); *McCon v. Perez*, No. 1:17-cv-77-LG-RHW, 2018 WL 4006971, at *2 (S.D. Miss. Aug. 20, 2018) (holding that "evidence and argument that solely concerns dismissed claims are matters that are both irrelevant and unduly prejudicial.") (citing Fed. R. Evid. 401–403).

These cases also recognize that some evidence may overlap between dismissed and live claims. The solution is not to permit a party to litigate dismissed theories in the name of "context," but to require the proponent to tie the evidence to an element of a live claim and to exclude

unnecessary "details" that would effectively retry the dismissed claim. *See Johnson*, 2010 WL 2671993, at *5 (allowing limited evidence necessary to prove the live theory, while barring the details of dismissed claims).

Accordingly, Plaintiffs should be prohibited from mentioning, suggesting, or seeking relief on dismissed claims and from offering evidence or argument that is offered solely to revive or support those dismissed claims. Such material is irrelevant, risks confusion, and would unnecessarily expand the scope of trial. Fed. R. Evid. 401–403. Specifically, Plaintiffs should be precluded from the following:

**a.** Count I was dismissed. Dkt. 230 at 6. The parties should not present any evidence, testimony, exhibit, or argument asserting or implying that S.B. 2162 is preempted by federal aviation law or otherwise invalid under the Supremacy Clause, including arguments premised on FAA "exclusive authority," Airport Operating Certificates, sponsor assurances, or federal regulatory schemes on grounds for invalidity.

**b.** Count II was dismissed. Dkt. 230 at 7. The parties should not present any evidence, testimony, exhibit, or argument asserting or implying that S.B. 2162 violates Mississippi Constitution Article 3, §§ 6–7.

**c.** Count III was dismissed. Dkt. 230 at 8; Dkt. 511 at 8. The parties should not present any evidence, testimony, exhibit, or argument offered to resurrect or support the City of Jackson's due process theory that was dismissed as part of Count III—including any theory that the City, as a municipal corporation, has a due process "property right" to exclusive appointment authority over the airport board which would otherwise invalidate the statute.

**d.** Count IV was dismissed. Dkt. 230 at 9. The parties should not present any evidence, testimony, exhibit, or argument asserting or implying that S.B. 2162 unconstitutionally impairs contracts under U.S. Const. art. I, § 10 or Mississippi Constitution art. 3, § 16.

**e.** The federal due process part of Count VIII was dismissed as unnecessarily duplicative. Dkt. 511 at 8. The parties should not present any evidence, testimony, exhibit, or argument asserting or implying that S.B. 2162 violates the Fourteenth Amendment Due Process Clause.

To avoid overbreadth, the defendants do not seek to exclude a specific document or fact if Plaintiffs can show it is independently relevant to a claim that remains for adjudication. But Plaintiffs should be required to first raise any such issue with the Court and obtain a relevancy or admissibility ruling before presenting it in examination or argument.

**C. Motion in Limine No. 3: Any individual legislators who opposed S.B. 2162 do not speak for the Legislature, and speculative lay opinion about collective legislative intent should be excluded.**

To the extent any legislator or other testimony is offered, it must be limited to that witness's personal knowledge and perceptions. Fed. R. Evid. 602, 701. Rule 602 requires firsthand knowledge, and Rule 701 permits lay opinion only when it is rationally based on the witness's own perception and helpful to the factfinder. Fed. R. Evid. 602, 701. The Fifth Circuit enforces those limits. *See United States v. Haines*, 803 F.3d 713, 732–34 (5th Cir. 2015) (emphasizing Rule 701's requirement that opinions be based on perception and not speculation). The Fifth Circuit has cautioned that this is a difficult area with uncertain boundaries, especially when a witness purports to interpret another person's knowledge, intent, understanding, or feelings. *See United States v. Ebron*, 683 F.3d 105, 137 (5th Cir. 2012). Rules 602 and 701 thus work together to ensure that lay

6

testimony is rooted in what the witness personally observed, not in speculation dressed up as opinion. *See United States v. Evans*, 892 F.3d 692, 714-15 (5th Cir. 2018).

Plaintiffs may attempt to call legislators or other witnesses who oppose S.B. 2162 to offer opinions about what the Legislature as an institution intended, what other legislators "really meant," or what motivated non-testifying decisionmakers. Such testimony is not based on personal knowledge. It is conjecture about the state of mind of others and an institution. It is therefore inadmissible and inappropriate. *See Veasey v. Abbott*, 830 F.3d 216, 233–34 (5th Cir. 2016) (quoting *Butts v. City of New York*, 779 F.2d 141, 147 (2d Cir. 1985) ("The Supreme Court has … repeatedly cautioned—in the analogous context of statutory construction—against placing too much emphasis on the contemporaneous view of a bill's opponents.").

Nor is such testimony helpful. Once a witness has fully described what he saw, what he was told (if not hearsay), and what he did, an added opinion that another legislator intended some unstated objective usually adds nothing helpful—it merely supplies advocacy in evidentiary form. *See U.S. ex rel. Wuestenhoefer v. Jefferson*, No. 4:10-CV-00012-DMB-DAS, 2014 WL 7185428, at *2–3 (N.D. Miss. Dec. 16, 2014) ("as a general matter, lay opinion testimony should not be permitted to establish knowledge . . . the witness's opinion as to the [person's] knowledge will often not be 'helpful' within the meaning of Rule 701..."). The Court can assess the statute and the legislative record from admissible evidence of what was said and done during the legislative process; it does not need, and Rule 701 does not permit, an after-the-fact characterization of the legislative body's collective intent by dissenting legislators or other witnesses. And to the extent Plaintiffs seek testimony interpreting S.B. 2162 itself or opining on "legislative intent" as a legal matter, that invades the Court's role by offering an impermissible legal conclusion. *See In re ProvideRx of Grapevine, LLC*, 507 B.R. 132, 144 (Bankr. N.D. Tex. 2014) ("It is also generally

prohibited for a lay witness to interpret statutes and to give legal opinions.") (citing *U.S. v. Griffin*, 324 F.3d 330, 347-48 (5th Cir. 2003)). The Court can evaluate the constitutionality of the statute based on admissible evidence of what was said and done in the legislative process—not on after-the-fact characterizations of collective intent. Allowing opinion testimony from opponents of S.B. 2162 purporting to "speak for the Legislature" would invite the Court to treat speculation as proof, and it would devolve into collateral disputes about political messaging rather than admissible facts. Fed. R. Evid. 403.

Accordingly, the Court should rule in limine that: (a) legislators, like all witnesses, may testify only to facts within their personal knowledge, including what they did, said, observed, or received; (b) no witness may offer lay opinion purporting to identify the intent of the Legislature as a whole or the motives of legislators; and (c) no party may argue that the views of bill opponents constitute "the Legislature's intent."

### D. Motion in Limine No. 4: No adverse inference from legislators who do not testify or do not produce evidence

Legislative privilege protects legislators from being compelled to testify about their legislative activities, and this protection extends to both immunity from suit and evidentiary privileges that prevent state legislators from testifying at depositions or trials. *See La Union del Pueblo Entero v. Abbott*, 93 F. 4th 310, 321–25 (2024) (like private plaintiffs in *La Union*, plaintiffs here do not present an extraordinary case to overcome privilege); *League of United Latin American Citizens v. Abbott*, 708 F. Supp. 3d 870, 881–84 (W.D. Tex. 2023) (holding legislative privilege does not yield to private plaintiffs); and *Mississippi State Conference of the NAACP v. State Board of Election Commissioners*, No. 3:22-CV-00734-DPJ-HSO-LHS, Dkt. # 147 (Mag. Judge Ball, Dec. 1, 2023) (unpublished and attached hereto as Ex. A). In general proceedings, the Fifth Circuit has even held that an adverse inference based on a missing witness is improper unless the witness

8

is peculiarly within the power of one party to produce and would be expected to testify favorably to that party. *See United States v. Black*, 497 F.2d 1039, 1042 n.3 (5th Cir. 1974).

As such, those principles foreclose any missing-witness or adverse-inference argument here. Legislators are nonparties and are not under the defendants' control – the privilege is theirs to assert. And in this case, the Court entered an order expressly relieving subpoenaed legislators from further obligations under those subpoenas. Dkt. 499. Any attempt to argue that the Court should draw a negative inference from the absence of a particular legislator would therefore be legally improper and would invite collateral litigation over privilege, availability, and subpoena history.

Accordingly, the defendants request an order prohibiting any party from: (a) arguing that non-testifying legislators "must have" had a particular intent; (b) requesting an adverse inference based on the absence of any legislator witness; or (c) presenting evidence or argument about subpoena disputes, privilege disputes, or discovery history to suggest concealment or culpability. Fed. R. Evid. 401–403; Fed. R. Evid. 611(a). Such missing witness commentary would be unfair, misleading, and unsupported—particularly where the relevant individuals are nonparties and the Court has entered an order relieving them from subpoena obligations. Fed. R. Evid. 401–403.

E.     **Motion in Limine No. 5: Relevance deadline for post-enactment legislator statements**

Plaintiffs' remaining constitutional theories focus on what the State and the Legislature did—and why they did it—when S.B. 2162 was drafted, debated, and enacted. The Fifth Circuit has recognized that the motivations relevant to the constitutional inquiry are tied to "drafting and passing" the bill. *Stallworth v. Bryant*, 936 F.3d 224, 233 (5th Cir. 2019). Plaintiffs' intent theory necessarily focuses on intent at the time S.B. 2162 was enacted. Plaintiffs pleaded that Governor Bryant signed S.B. 2162 into law on May 4, 2016. Dkt. 473 at ¶ 67. Post-hoc statements by

9

legislators after enactment are not probative of the Legislature's intent at the time it acted and would invite collateral disputes and minitrials about subsequent political commentary. Fed. R. Evid. 401–403; *see also Veasey*, 830 F.3d at 234 (citing *Barber v. Thomas*, 560 U.S. 474, 486, 130 S.Ct. 2499, 177 L.Ed.2d 1 (2010)) ("The district court also placed inappropriate reliance upon the type of post-enactment testimony which courts routinely disregard as unreliable.").

Statements made after the legislative body completed its actions are, at best, weak proof of what motivated a particular legislator at the time of enactment. They also risk devolving into minitrials about later political disputes, subsequent media coverage, and changing public narrative—issues that distract from the live claims and consume time at trial. Under Rule 403, the Court may exclude such evidence to avoid confusion and needless consumption of time. *See* Fed. R. Evid. 403; *Ecodyne*, 635 F.2d at 519.

The defendants therefore request an order that statements, interviews, social media posts, or other commentary by legislators after May 4, 2016 may not be introduced to prove intent, unless Plaintiffs first make a specific proffer showing the evidence is independently relevant to a remaining claim.

## IV.    CONCLUSION

Accordingly, the defendants respectfully request that the Court grant this Omnibus Motion in Limine and enter an order excluding the categories of evidence and arguments set forth above, and for such other and further relief as the Court deems just and proper.

Dated: April 10th, 2026

Respectfully submitted,

GOVERNOR TATE REEVES, in his official capacity, and LT. GOVERNOR DELBERT HOSEMANN, in his official capacity

LYNN FITCH,
ATTORNEY GENERAL

BY:*/s/ Justin L. Matheny*_____
Justin L. Matheny (Bar No. 100754)
   Deputy Solicitor General
John P. Sneed (Bar No. 7652)
   Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3680
justin.matheny@ago.ms.gov
john.sneed@ago.ms.gov

*Counsel for Governor Tate Reeves and*
*Lt. Governor Delbert Hosemann*

BY: */s/ P. Ryan Beckett*_____
P. Ryan Beckett (Bar No. 99524)
Phil B. Abernethy (Bar No. 1023)
Robert V. Greenlee (Bar No. 100638)
J. Dillon Pitts (Bar No. 106399)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone: (601) 948-5711
ryan.beckett@butlersnow.com
phil.abernethy@butlersnow.com
robert.greenlee@butlersnow.com
dillon.pitts@butlersnow.com

*Counsel for Governor Tate Reeves*

11