IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKSON MUNICIPAL AIRPORT
AUTHORITY, *et al.*,

                                    *Plaintiffs,*

v.                                                              CAUSE NO. 3:16-CV-246-CWR-ASH

TATE REEVES, *et al.*,

                                    *Defendants.*

ORDER ON OMNIBUS MOTION IN LIMINE

Defendants Tate Reeves and Delbert Hosemann filed, and Defendant Rankin County joined, a motion in limine. Docket Nos. 534 and 536. As discussed below, the motion is denied.

The motion seeks to exclude evidence or mention of: (1) the term "airport takeover"; (2) dismissed claims and evidence or argument offered to support dismissed claims; (3) lay opinion about collective legislative intent; (4) an adverse inference based on legislators' failure to testify or produce evidence; and (5) statements, interviews, social media posts, or other commentary by legislators after May 4, 2016.

Issue (1) is denied. Defendants have not identified a sufficient basis to support an order precluding the parties or witnesses from using the term "airport takeover" to describe or refer to Mississippi Code § 61-3-6 and/or S.B. 2162.

Issue (2) does not require a Court Order. The Court already noted what should be obvious: "[P]reviously-dismissed counts remain dismissed for the reasons provided in earlier Orders." Docket No. 511 at 3. JMAA concedes, as it must, that it will not attempt to try

1

dismissed claims. Docket No. 537 at 3. The parties may not present evidence that relates solely to a dismissed claim; however, evidence that may relate to a dismissed claim might also be used to support claims that remain before the Court. The order Defendants request with respect to Issue (2) is overbroad and unnecessary. The request is denied.

With respect to Issue (3), Defendants do not identify specific witnesses they wish to curtail. Instead, they ask the Court to order that all non-expert witnesses may testify only to their personal knowledge and may not speculate. This amounts to a request that the Court enforce the Rules of Evidence. The Court intends to do so. A separate order on the matter is unnecessary. This request is denied.

Issue (4) relates to legislative privilege. Defendants request that the Court prevent parties from "(a) arguing that non-testifying legislators 'must have' had a particular intent; (b) requesting an adverse inference based on the absence of any legislator witness; or (c) presenting evidence or argument about subpoena disputes, privilege disputes, or discovery history to suggest concealment or culpability." Docket No. 535 at 9. Defendants seek to preclude drawing any negative inference, treating the decision not to testify or produce items on the basis of legislative privilege in this civil proceeding like the decision to do the same based on an assertion of Fifth Amendment rights in a criminal proceeding. The two rights are distinct. "Though courts may not draw negative inferences from a criminal defendant's assertion of his Fifth Amendment rights, no similar constraint binds our assessment of a civil witness's assertion of legislative privilege." *League of United Latin Am. Citizens v. Abbott*, 601 F. Supp. 3d 147, 180 (W.D. Tex. 2022). Defendants' request is denied.

Issue (5) is also denied. Defendants request a preemptive, blanket ban on any statement issued after May 4, 2016. Remoteness in time is one among many factors to be

2

considered when determining how much, if any, probative value a statement may hold. It is not, as Defendants suggest, dispositive on the issue of relevance. The Court finds that a blanket ruling at this stage would be unhelpful.

Defendants' motion is denied.

**SO ORDERED**, this the 11th day of June 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE